B. F. TIDWELL, APPELLANT, vs. R. M. WITHERSPOON, APPELLEE.

1. A judgment for defendant in an action for malicious prosecution is a bar to a subsequent suit against him for slander for the same accusation as the one upon which he was arrested, and for which he brought his action for malicious prosecution, though said slanderous words were uttered on a different occasion, provided they were uttered before suit for malicious prosecution was commenced.

2. It is competent to ask a witness if he had not heard of the commission of a crime of which another was accused in his presence as explanatory of the understanding of witness of the accusation.

3. In such a case to ask a witness "if it was not a matter of general notoriety" that such a crime had been committed, is error.

Appeal from Circuit Court for Madison county.

The facts of the case are stated in the opinion.

*J. N. Stripling* for Appellant.

*F. W. Pope* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court:

Witherspoon sued Tidwell in the court below for slan-

der. The declaration contained two counts, one for slander and the other for libel.

To these counts the defendant pleaded that the said trespasses, sayings and doings were *res adjudicata* between the parties thereto in the Circuit Court of Madison county on the 9th day of June, 1880, upon a trial thereof before a jury, and that the verdict and judgment of the court thereon were for the defendant. Said suit was for malicious prosecution. The plaintiff replied *nul tiel* record, and the record being inspected by the court the plea was sustained to the count for libel and overruled as to the counts for slander.

The court should have sustained the plea to all the counts. " In an action for malicious prosecution the plaintiff is entitled to recover damages not only for his unlawful arrest and imprisonment and for the expenses of his defense; but for injury to his fame and character by reason of the false accusation." Carpenter vs. Sheldon, Comstock 4th, p. 579. It is the right of every litigant to have his cause once submitted to the arbitrament of the law; when it is there decided the peace of society demands that it should be at rest forever. It is a principle on which the repose of communities depends. " This principle embraces not only what was actually determined but also extends to every other matter which the parties might have litigated in the case." See Bates *et al.* vs. Spooner *et al.*, 45 Ind., 493. The plaintiff in the suit for malicious prosecution could have litigated the same matters that are now, after the suit for malicious prosecution has gone adversely to him, made the cause of a new suit. The slanderous words were spoken of Witherspoon on the 8th day of November, 1878, by Tidwell. December 2d, 1878, Tidwell caused the arrest of Witherspoon for doing the act with which he had charged him in the slanderous words uttered on the 8th of November, 1878. Witherspoon afterward commenced a suit

against Tidwell for malicious prosecution, which was determined June 9th, 1880, in favor of Tidwell. That suit was a bar to any other suit for the same charge, though made on a different occasion, if made before suit brought.    Eliza Root vs. Lowndy, 6 Hill, 518.    The evidence does not show that Tidwell ever spoke the slanderous words at any time after the suit for malicious prosecution was commenced against him by Witherspoon; the slanderous words being the same accusation were necessarily involved in the suit for malicious prosecution, and the determination of that suit concluded Witherspoon's right to bring another suit for slander for words spoken before suit brought.    In the case of Carpenter vs. Sheldon above, the court say the injury to the character of the plaintiff is in many cases the *gravamen* of the action.    " An accusation of crime under the forms of the law or a pretence of bringing a guilty man to justice is made in the most imposing and impressive manner and may inflict a deeper injury upon the reputation of the party accused than the same words uttered under any other circumstances.    The most appropriate remedy for the calumny in such cases is by the action for malicious prosecution.    The injured party cannot be entitled to two recoveries *for the same cause* and a recovery in that form must be a bar to a subsequent action of slander *for the same identical accusation."*

Appellee has called to our attention the case of Rockwell vs. Browne, 36 N. Y., Court of Appeals, 207.    This case is unlike the case at bar in this : the slanderous words, although the same words which were used in the accusation which was the cause of the suit for malicious prosecution, *were spoken after the termination of the prosecution.*

The court sustained the ruling in Carpenter vs. Sheldon above, but made the distinction that the utterances of the

slanderous words after the prosecution had terminated furnished a new and independent cause of action.

The prosecution against Witherspoon was on the charge that he " concealed, withheld or destroyed the election returns from Precinct No. 4 in the county of Madison." The court against the objection of defendant permitted plaintiff to prove that it was a matter of general notoriety that the said returns were missing and could not be found ; this was improper evidence. If the plaintiff desired to show to the jury how the witnesses understood the accusation of Tidwell, that Witherspoon had concealed or destroyed the returns, he should have asked them if they had heard that said returns were missing. It might have been a matter of general notoriety and still be unknown to the witness.

Evidence of this nature is admissible as explanatory of an accusation in order to ascertain what impression was produced on the mind of the witness by the slanderous words.

The judgment is reversed and the cause remanded with instruction to enter a judgment for defendant.