# M. B. Voorhees, Administrator, Plaintiff in Error, v. Chicago & Alton Railroad Company, Defendant in Error.

1. DEATH, § 17*—*who is real party in interest in action for.* Under the Injuries Act neither the administrator nor the estate of the decedent has any interest in or right to the benefit of any judgment that might be recovered for death, but the real party in interest is the next of kin as beneficiary.

2. JUDGMENT, § 480*—*when in action for death of one person is conclusive in second action by same administrator for death of another person.* Where the same person was the sole next of kin of the decedent and beneficiary in each of two actions brought under the Injuries Act by the same person acting as administrator of the estate of each of the decedents killed in the same accident, and under the same circumstances, *held* that a judgment in one action would be conclusive of every issue of fact tried therein upon the same issue in the other action.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Voorhees v. Chicago & Alton R. Co., 208 Ill. App. 86.

3. PLEADING, § 32*—*what constitutes surplusage in declaration.* A second count in a declaration in an action for death containing no averment of fact different from the first count is surplusage and should be stricken.

4. RAILROADS, § 645*—*what is effect of wilful negligence of railroad company.* Where it is alleged in the declaration, in an action against a railroad company to recover damages for the death of a child under the Injuries Act, that the defendant ran its train with a wilful and reckless disregard of the lives of travelers on the highway, it is not necessary to a recovery to prove that the deceased or his mother, his custodian, was in the exercise of due care.

5. ESTOPPEL, § 16*—*when by judgment applies.* An estoppel by judgment does not depend upon technicalities but upon the broad principles of justice, and it can apply only when the party has had his day in court and an opportunity to establish his claim.

Error to the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed October 11, 1917. Rehearing denied December 1, 1917.

**Statement by the Court.** This is an action begun by M. B. Voorhees, administrator of the estate of Stuart Ryan, deceased, against the Chicago & Alton Railroad Company to recover damages resulting from the death of the deceased.

The original declaration filed March 6, 1914, contains three counts. Subsequently two additional counts were filed. Each of the counts avers that on July 20, 1913 the defendant was operating its railroad across a certain public highway in Jersey county and that Stuart Ryan, accompanied by his mother Mattie Ryan and his sister Lillian Ryan, while driving along said public highway in a westerly direction over said crossing in a buggy drawn by one horse, was killed by being struck by a passenger train of defendant and that the deceased left surviving him as his next of kin his father, Marcus J. Ryan, who has sustained damage thereby. Each of the first three counts avers that the deceased was in the exercise of due care for his own safety in passing over said crossing. The first count charges that the defendant "so recklessly, carelessly and negli-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

gently managed'' and operated its train, etc.; the second avers that the train was recklessly, carelessly and negligently run at a high rate of speed without either the ringing of a bell or the blowing of a whistle for the distance of 80 rods before reaching the crossing; and the third avers negligence in recklessly running the train at a high and dangerous rate of speed.

The first additional count avers that the defendant ran its train with a wilful and reckless disregard for the lives and safety of persons lawfully passing along said highway, at a dangerous rate of speed, without ringing a bell or blowing a whistle, for 80 rods before reaching said crossing where the view of the highway was obstructed. The second additional count is similar to the first with the addition that it is averred that the view of deceased was obstructed by a large hedge growing along the south side of the highway, so that they were unable to see the team until they got upon the right of way and no effort was made to stop the train and no warning or signal given.

A special demurrer was sustained to the last count. The record states that ''plaintiff elects to stand by his second amended count and thereupon the judgment of the court as to said second amended additional count is entered herein,'' but the record does not contain any judgment on said count.

The defendant filed the general issues as to the first three counts and a verified special plea to them and to the first additional count.

The special plea avers that plaintiff in this suit ought not to be admitted to allege that Stuart Ryan came to his death by reason of the negligence and the wilful and wanton conduct of defendant, and that in consequence of said death a cause of action has accrued to his administrator for the benefit of his next of kin, his father Marcus J. Ryan, because the aforesaid named plaintiff, as administrator of the estate of Mattie Ryan, deceased, did on March 2, 1914, under

sections 1 and 2 of chapter 70 of the statutes, file a suit, to the March term 1914 of this court, for damages on account of the death of Mattie Ryan for the exclusive benefit of the said surviving next of kin, said Marcus J. Ryan, alleging that the said defendant so recklessly and negligently ran its certain train over said crossing so that the same was driven against the deceased Mattie Ryan and her children, Lillian Ryan and Stuart Ryan, whilst said Mattie Ryan was crossing said railroad in the exercise of due care and caution for herself and of said Lillian Ryan and Stuart Ryan to the damage of plaintiff, for the benefit of the next of kin Marcus J. Ryan, husband of said Mattie Ryan and father of said Lillian Ryan and Stuart Ryan, which declaration is in words and figures following: (Here follows a copy of the declaration in the case of M. B. Voorhees, administrator of the estate of Mattie Ryan, against the Chicago & Alton Railroad, in which the averments of fact are similar to the averments in the first three counts of the declaration in the present case, except they aver the death of Mattie Ryan in place of Stuart Ryan, and state a case for damages on account of the death of Mattie Ryan, and it is alleged that Mattie Ryan was accompanied by her two children Lillian Ryan and Stuart Ryan. That declaration was filed March 6, 1914.) The defendant further avers that it filed a plea of the general issue in that case, setting forth a copy of it, and that issue was joined on that plea; that a trial by jury was had in that cause at the March term, 1914, evidence offered and a verdict returned finding the defendant not guilty; that a motion was entered by the plaintiff for a new trial and that the same was overruled and judgment entered in favor of defendant in bar of that action, which judgment is a final judgment, is in full force and effect and has never been reversed or set aside; that said court had jurisdiction of the parties and the subject-matter and that this defendant was the sole and only defendant in said former suit, and that

the present suit grows out of the alleged collision be-
tween a passenger train of defendant and a horse and
buggy driven by Mattie Ryan in passing over a cross-
ing, in which buggy were Lillian Ryan and Stuart
Ryan, infant children of Mattie Ryan and Marcus J.
Ryan, and that Mattie Ryan left surviving her as her
sole next of kin her husband, Marcus J. Ryan, and that
Stuart Ryan left surviving him as his sole next of kin
his father, said Marcus J. Ryan; that in the former
suit Marcus J. Ryan was the sole beneficiary and he is
the sole beneficiary in this case; that Marcus J. Ryan
was entitled to administer on each of said estates but
waived his right in favor of M. B. Voorhees and was
present in court, testified as a witness and in that case
advised with counsel, who are the same in the different
suits; that Lillian Ryan and Stuart Ryan were of ten-
der age, to wit, of 3 and 5 years respectively, and were
under the care, control and custody of their mother,
Mattie Ryan, in said buggy, while said Mattie Ryan
was driving said horse over the crossing, which re-
sulted in the death of said mother and children in said
former suit; that the pretended negligence and wilful
conduct, averred to have caused the death of Stuart
Ryan in this suit, is the same pretended negligence and
wilful conduct which caused the death of Mattie Ryan,
while said Mattie Ryan was in the exercise of due care
for her own safety and her children and no different
negligence or conduct, and by reason of which in the
former trial the jury found the issues against the plain-
tiff, and judgment was rendered thereon against the
plaintiff, in said former suit against this defendant. It
is further averred that the gravamen of the declara-
tion in the former suit was that defendant was guilty
of reckless and negligent conduct in the management
of its train which caused the death of said mother and
children, and that said mother was in the exercise of
due care for herself and children and that the verdict
and judgment in that cause involved the determina-

tion of the matters in issue and are the same matters involved in this cause if a trial is had, all of which the defendant is ready to verify. Wherefore, it prays judgment, etc.

The plaintiff filed a general demurrer to the special plea. The court overruled the demurrer and the plaintiff abiding by his demurrer the court entered judgment on the plea in favor of the defendant. From that judgment this appeal is prosecuted by the plaintiff.

W. J. CHAPMAN and D. J. SULLIVAN, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; SILAS H. STRAWN, THOMAS F. FERNS, CHARLES J. McFADDEN and LESLIE M. O'CONNOR, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The special plea to which a demurrer was overruled is a plea of estoppel by verdict. The declaration in the suit of Voorhees, administrator of the estate of Mattie Ryan, is identical with the first three counts of the declaration in this case except as to the name of the deceased. The deceased in this case was a boy under the age of 6 years. "While an action by a child of tender years for damages for injuries occasioned by the defendant's negligence is not defeated in Illinois, by the fact that the parent having the care of the child at the time was guilty of contributory negligence, yet, if the child is killed, the contributory negligence of the parent is a bar to a recovery by the administrator of the child under section 1 of the Injuries Act." *Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424. Mattie Ryan, the mother of Stuart Ryan, and Stuart Ryan were killed at the same time while riding together in a buggy drawn by a single horse that was being driven by

Mattie Ryan. The plea sets up that the negligence in the present case was the same as in the former suit and that there was no different negligence or wanton conduct. Marcus J. Ryan, the husband of Mattie Ryan, is the father of Stuart Ryan. He is the only next of kin to his wife and their son. The Injuries Act permits an action to be maintained for the benefit of the next of kin to compensate them for the pecuniary loss sustained by the death of the deceased.

Under the Injuries Act neither the administrator nor the estate of the deceased has any interest in or right to the benefits of any judgment that might be recovered. The issues of the alleged negligence of the defendant and of ordinary care or contributory negligence of Mattie Ryan were submitted to and passed on by the jury in the case that was tried. The jury, in finding the defendant not guilty, found either that Mattie Ryan was not in the exercise of ordinary care or that the defendant was not guilty of negligence. Mattie Ryan, the mother, and Stuart Ryan, the child, having been killed together in the buggy, the facts bearing on the right of recovery in the respective suits are identical. Voorhees is the administrator in each of the estates. Marcus Ryan is the next of kin and sole beneficiary of each estate. He waived his right to administer in the several estates in favor of Voorhees and the same counsel were employed in the different suits.

Appellant cites *Illinois Cent. R. Co. v. Slater*, 139 Ill. 190, and argues that decision is conclusive of the question presented. The cases are readily distinguishable. In that case two brothers aged 10 and 13 years had been killed in the same accident. Administration was taken out in each estate and suits were brought for the benefit of the next of kin. Recovery was had by the plaintiff in the suit first tried. That was claimed by the defendant to be a bar to an action by the admin-

istrator of the other brother. If the judgment had been in favor of the defendant there would have been a similarity, but clearly a judgment in favor of one estate could not be a bar to a suit prosecuted by the other estate since there may not be a joint administration.

"Whether the adjudication relied on as an estoppel goes to a single question or all the questions involved in a cause, the fundamental principle, upon which it is allowed in either case, is that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise. * * * It is sufficient for the purposes of the rule relating to a former adjudication, when relied on as an estoppel, that the parties be substantially the same." (*Hanna v. Read,* 102 Ill. 596.) Voorhees, as administrator in the respective estates, was a necessary party but was only a formal party having no interest whatever. Marcus Ryan, the father and next of kin, was not a party to either suit but was the sole beneficiary in both suits and entitled to the entire net damages resulting from the accident or collision, and the law required that the declaration in each case aver that he is the next of kin, although not a party. Marcus Ryan, being the sole beneficiary and under no disability, had the right to settle and to accept and receipt to defendant for any damages, if he was entitled to recover damages for the death of his wife and children, if the same had been caused by the negligence of defendant. Voorhees, as administrator in the several estates, was but the legal agent of the beneficiary, Marcus Ryan. (*Mattoon Gas Light & Coke Co. v. Dolan,* 105 Ill. App. 1.) It is not always necessary that the parties to a suit should be nominally the same in order that one recovery may bar

another. Where a suit is prosecuted by one person for the use of another, the latter being the real party in interest, a judgment therein will bar a second suit by the latter in his own name. (Black on Judgments, secs. 537-539; *Galveston, H. & S. A. Ry. Co. v. Kutac,* 72 Tex. 643, 11 S. W. 127.)

A point which was directly in issue in a former suit and was there judicially passed upon cannot again be drawn in question in any future action between the same parties or their proxies, whether the cause of action in the two suits be identical or different. (Black on Judgments, sec. 504.) Where the real party in interest has had a trial of his rights on the merits there should be an end to the litigation (*Hanna v. Read,* 102 Ill. 596; *Union Pac. Ry. Co. v. United States,* 67 Fed. 975; *Tidwell v. Witherspoon,* 21 Fla. 359), and the judgment in that suit is conclusive on every issue of fact tried therein.

It is also contended that the demurrer should have been overruled to the second additional count. This count contains no averment of fact different from the first additional count and should have been stricken as surplusage. The plaintiff was not injured by the sustaining of the demurrer and there was no reversible error in the ruling although judgment was not entered on the demurrer to that count.

The first additional count avers that the defendant ran its train with a wilful and reckless disregard of the lives of travelers on the highway. Under this allegation it was not necessary to a recovery that it should have been proved that the deceased or his custodian in charge of him was in the exercise of due care. Under this count an issue was raised that was not tried in the former suit. "The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which is necessary to uphold the judgment. The doctrine of estoppel is restricted to facts directly in issue and does not extend to facts which may be in

controversy, but which rest in evidence and are merely collateral. 'A fact or matter in issue is that upon which the plaintiff proceeds by his action, and which the defendant controverts in his pleadings, while collateral facts are such as are offered in evidence to establish the matters or facts in issue. It must appear that the matter set up as a bar was in issue in the former suit.' '' Freeman on Judgments, sec. 257; Black on Judgments, sec. 733. The allegation of wilfulness was not in issue in the former suit. Had it been, the averment of due care was surplusage and the verdict might have been for plaintiff.

An estoppel does not depend upon technicalities but the broad principles of justice, and it can apply only when the party has had his day in court and an opportunity to establish his claim. Black on Judgments, sec. 618. The court erred in overruling the demurrer to the special plea to the first additional count, but there was no error in overruling it to the pleas to the three counts of the original declaration. The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*