TERRELL, Justice.
May 6, 1954, Sarah Woodson sued James W. Woodson to recover damages for the negligent death of her husband, Cecil Wood-son. The complaint charged that while deceased was an invited guest in the truck of defendant, the truck turned over and her husband was killed because of defendant “failing to stay awake while driving the truck.” Motion to dismiss, to strike and depositions were filed and motion for summary judgment on the part of defendant was granted August 10, 1954. No appeal was taken from this judgment.
February 24, 1955, Sarah Woodson filed a second suit against the same defendant based on the same' accident except that she abandoned gross negligence and charged simple negligence in that defendant and her husband had a community of interest in the enterprise they were on, that both operated and controlled the truck and were sharing the expenses. The complaint was later amended to show that the relationship of private carrier for hire and passenger existed between defendant and plaintiff’s husband. Defendant again moved to dismiss, to strike and for summary judgment, the latter being grounded on the charge that the instant action involved the identical parties and subject matter that were described in the first action heretofore recounted consequently the controversy between the parties to said cause was finally determined and the summary judgment in the first action is res adjudicata as to issues raised in the present action. At final hearing the motion for summary judgment in favor of defendant was granted, from which the present appeal was prosecuted.
The only point for determination is whether or not the widow could maintain the second action for the wrongful death of her husband grounded on simple negligence after the first suit based on gross negligence under wrongful death statute resulted in judgment for defendant from which no appeal was taken.
We think the question requires a negative answer. Both causes of action were based on the wrongful death statute, Sec. 768.01, Florida Statutes, F.S.A., this being the second attempt to recover, the survival of actions statute is not involved. In our view the following cases conclude the point and require affirmance of the judgment. Tidwell v. Witherspoon, 21 Fla. 359, 58 Am.Rep. 665; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Plymouth Citrus Products Co-op. v. Williamson, Fla., 71 So.2d 162; Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577; McEwen v. Growers’ Loan & Guaranty Co., 116 Fla. 540, 156 So. 527. See Shearn v. Orlando Funeral Home, Inc., Fla., 88 So.2d 591.
The judgment appealed from is therefore affirmed.
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.