PER CURIAM.
Southeast Bank appeals a final summary judgment entered in favor of Equitec Leasing Investors in a mortgage foreclosure proceeding. The summary judgment was granted on grounds that the ownership of the property being foreclosed had been determined in a federal bankruptcy proceeding.
We have thoroughly reviewed the matter and hold Southeast Bank collaterally es-topped from relitigating the ownership in the state court herein. Freehling v. MGIC Financial Corporation, 437 So.2d 191 (Fla. 4th DCA 1983), holds this doctrine applicable under the circumstances of this case. The major contested issue on appeal has been whether the debtor-in-possession and the bank were parties in privity in the bankruptcy proceeding. See In Re Wesco Products Co., 22 B.R. 107 (N.D.Ill.1982), and Aerojet General Corp. v. Askew, 366 F.Supp. 901 (N.D.Fla.1978), aff'd. 511 F.2d 710 (5th Cir.), cert. den., 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). In addition, the bank was bound as a “successor in interest” by the bankruptcy court judgment in that its interest was entirely dependent upon the ownership interest of the debtor-in-possession. We reject all of appellants’ arguments that ownership was not actually litigated in the bankruptcy ease.
AFFIRMED. '
BERANEK and WALDEN, JJ., concur.
ANSTEAD, C.J., dissents without opinion.