454 So.2d 3 (1984)
Yrma M. SIGNO, M.D., and Manuel Signo, M.D., Her Husband, Appellants,
v.
FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY, etc., et al., Appellees.
No. 82-2246.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing Denied September 7, 1984.
Ronald V. Alvarez, West Palm Beach, for appellants.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, and Pomeroy, Betts, Wiederhold & Moses, West Palm Beach, for appellees.
DOWNEY, Judge.
Appellants, Yrma M. Signo and Manuel Signo, seek review of a summary final judgment in favor of appellees, Wilkinson-Cooper Produce, Inc., and Ellis Wilkinson Farms.
Appellant Yrma Signo was involved in a motor vehicle collision with a truck owned by Sammie Lee Edwards and driven by Willie James Pope. The truck was transporting a load of corn owned by appellees. Signo and her husband brought suit against Edwards, Pope, and appellees, Wilkinson-Cooper Produce, Inc., and Ellis Wilkinson Farms, a/k/a Red Devon Farms. The third amended complaint alleged that Pope was an employee of both Wilkinson-Cooper Produce and Ellis Wilkinson Farms and was acting within the scope of his employment for them at the time of the collision. That complaint also alleged that Ellis Wilkinson Farms, because of Pope's *4 poor driving record, had been negligent in selecting Pope as an independent contractor. The circuit court entered final summary judgment on behalf of appellees, and the Signos appealed. This court affirmed the summary final judgment without an opinion. See Signo v. Wilkinson-Cooper Produce, Inc., 404 So.2d 882 (Fla.4th DCA 1981).
Seven months after the mandate from this court issued, appellants, after obtaining leave of the circuit court, filed a fourth amended complaint. That complaint alleged that the defendants, Wilkinson-Cooper Produce, Inc., and Ellis Wilkinson Farms, were bailees of the vehicle driven by Pope with the appellee-bailees' permission and, as such, were liable for the negligent operation of the vehicle. The appellees moved for summary judgment on the ground that the plaintiffs were estopped on theories of res judicata, estoppel by judgment, and law of the case from asserting a cause of action based on the relationship of the appellees to the driver and owner of the vehicle as this issue had already been adjudicated in the first suit. The circuit court once again entered a summary final judgment for the appellees and, once again, the Signos seek review of that judgment.
Appellants contend the circuit court erred in entering summary judgment because they alleged an entirely new and distinct cause of action in the fourth amended complaint and because permissive joinder of causes of action is the procedural rule in Florida. More specifically, appellants argue that res judicata does not apply in this case because one of the necessary elements, identity of the cause of action in the two cases, does not exist.
In their brief appellants contend that the only issue that was decided in the original summary judgment is that an employer of an independent contractor does not have a duty to investigate the independent contractor's driving record prior to hiring him. However, appellees point out that the duty arising from the independent contractual relationship was only one of two issues resolved by the summary judgment. More importantly, the first summary judgment ruled in favor of the appellees on the claim that appellees were liable based upon the doctrine of respondeat superior, i.e., that appellees were liable because they were Pope's employers. This is undoubtedly correct. The only material difference between the third and fourth amended complaints is that in the third amended complaint appellants sought to establish the liability of appellees because they were Pope's employers and as such were liable for his negligent conduct in the scope of his employment, and in the fourth amended complaint appellants sought to establish the liability of appellees based upon their status as bailees of the truck and as such liable for Pope's negligence when they permitted Pope to drive the truck. Query: does an adjudication that appellees are not liable as employers for Pope's negligence in driving the truck set at rest the claim that appellees, as bailees of the truck, are liable for Pope's negligence? We think it does and that the circuit court properly granted summary judgment.
The law involving the doctrine of res judicata and estoppel by judgment involves some difficult nuances, and the cases are not consistent by any means. In any event, we believe the answer to the question presented here is found in a proper understanding of what is precluded by the doctrine of res judicata. The Florida cases are uniform in their announcement of the requisite elements of res judiciata. There must be 1) identity in the thing sued for; 2) identity of the cause of action; 3) identity of persons and parties of the action; and 4) identity of the quality in the person for or against whom the claim is made. Donahue v. Davis, 68 So.2d 163 (Fla. 1953); Poe v. State Road Department, 127 So.2d 898 (Fla.1st DCA 1961).
Appellants say that a claim that the appellees were liable for Pope's negligence because they were his employers constitutes a different cause of action from the claim that they were liable for Pope's negligence because they were bailees of the truck, because the evidentiary facts necessary *5 to prove the status of the appellees as employers are different from the evidentiary facts necessary to prove their status as bailees. However, we are of the view that appellants' perception of the cause of action precluded by the doctrine of res judicata is too narrow. In our judgment the mere changing of the theory on which the plaintiff proceeds does not constitute a distinct and different cause of action obviating the defense of res judicata. But see Hardee v. Gordon Thompson Chevrolet, Inc., 154 So.2d 174 (Fla.1st DCA 1963).
The American Law Institute, Restatement of the Law of Judgments, Second, §§ 24 and 25, contains an effective discussion on the subject. It is pointed out there that much of the confusion and misunderstanding in this area is generated by the terms used, such as claim, cause of action, theory of recovery, grounds, and remedies. The essence of what is intended to be precluded under the concept of res judicata is set forth in Section 24(1) of the Restatement:
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
Restatement, page 196.
Illustration No. 8, page 213, contains a practical example that is somewhat similar to this case.
From one episode or transaction one cause of action emerges, though different theories of liability may exist. As the text writer puts it:
That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.
Restatement, page 200.
See, too, the discussion at 18 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 4407.
As we see it, the transaction here was the collision between Pope and Mrs. Signo while Pope was transporting appellees' produce. Any theories for holding appellees liable for injuries resulting from that transaction not pleaded in the third amended complaint could not properly be pleaded in a fourth amended complaint after affirmance of a summary judgment for the appellees on the theories raised in the third amended complaint.
The Supreme Court of Florida followed the foregoing rationale in Woodson v. Woodson, 89 So.2d 665 (Fla. 1956), where a widow sued to recover for the wrongful death of her husband on the theory that he was an invited guest passenger and the defendant was grossly negligent. This suit resulted in a summary judgment for defendant. The widow then filed a second suit for her husband's death, alleging that the deceased and defendant were joint venturers in the control of the truck. A later amendment to the complaint alleged that the relationship was of private carrier for hire and passenger. The defendant alleged these claims were res judicata because the instant action was identical to and concluded by the first action. The supreme court agreed and affirmed the summary judgment for defendant in her second action.
One of the cases relied on by the supreme court in Woodson, supra, is Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926). In that case Hay sued Salisbury for specific performance of a verbal agreement to convey certain real property. Salisbury alleged the issues were res judicata as a result of a judgment he obtained in a prior suit commenced by him against Hay to quiet Salisbury's title against Hay's assertion of some record interest in the property. The supreme court affirmed a judgment for Salisbury holding that the issues were res judicata because they arose out of *6 the same cause of action and so Hay should have litigated the specific performance claim in the first suit. The doctrine of res judicata precludes litigation of issues tried in a prior suit and those issues which could have been there litigated.
In our view, the claim raised in the fourth amended complaint could have been litigated in the third amended complaint. Accordingly, we affirm the summary judgment for the appellees.
AFFIRMED.
BERANEK and HERSEY, JJ., concur.