Charles M. BRENNAN, individually and
as general partner of First Orlando, Ltd.
and Inndevco, Ltd., etc., Plaintiff,

v.

William LYON, et al., Defendants.

No. 94–828–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 8, 1996.

David L. Fleming, Law Office of David L. Fleming, Gulf Breeze, FL, for Charles M. Brennan.

Robert L. Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, FL, Thomas P. Wert, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., West Palm Beach, FL, for William Lyon.

Roberta A. Colton, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, for Donald Vodra, Orlando TT Springs, Inc. and Orlando TT Springs, Ltd.

Michael S. Hooker, Glenn, Rasmussen & Fogarty, Tampa, FL, for Bank of American NT & SA.

Stanley Howard Eleff, Roberta A. Colton, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, for Orlando Towers, Inc. and Bracton Corporation.

## ORDER

G. KENDALL SHARP, District Judge.

This case is before the court on a motion for summary judgment filed by all of the remaining defendants (Docs. 50, 90). Plaintiff Charles M. Brennan (Brennan) brought this suit alleging that Defendants violated the federal and Florida Racketeer Influenced and Corrupt Organization (RICO) laws during the events leading up to the foreclosure of the Sheraton Twin Towers Hotel in 1988. Defendants assert that Brennan's action is barred as a matter of law under the principles of claim and issue preclusion and through the releases from liability executed by Brennan, his partners, and the bankruptcy trustee. Brennan contends that the earlier disputes and the releases do not legally proscribe any RICO claims that he might bring, even if they dealt with the same subject matter. The court concludes that claim preclusion principles prevent Brennan from bringing these RICO claims, because they arise from the same facts as the previously resolved disputes.

### I. Facts

■ In their motion Defendants set forth their version of the facts of this case, supported by substantial documentation. Brennan has submitted an affidavit in which he disputes several of the facts cited by Defendants. When considering a motion for summary judgment the court must resolve all reasonable doubts in favor of the party opposing the motion and the motion must be denied if there are any unresolved material factual issues. See Hill v. Linahan, 697 F.2d 1032, 1035 n. 4 (11th Cir.1983). This action arises out of the foreclosure sale of the Sheraton Twin Towers Hotel (Hotel) in 1988. The Hotel was sold after its owner, Second Timmon Hotel Company (Second Timmon), defaulted on certain debts. Brennan, a general partner of Second Timmon, claims that Defendants charged usurious rates of interest on their loans to Second Timmon and

then used the foreclosure action and the subsequent Chapter Seven bankruptcy proceeding to fraudulently obtain the Hotel from Brennan and the corporate entities under his control.

In 1985, Crocker Holdings, Inc. (Crocker) filed a complaint in state court to foreclose on the Hotel, because Second Timmon had defaulted on notes that Crocker had acquired. Brennan and the other entities he represented counterclaimed in that action, alleging that Crocker was charging usurious rates of interest and other theories of lender liability. Before the sale, Crocker transferred its rights under the notes to Defendant Bracton Corporation (Bracton). Second Timmon filed for Chapter Eleven bankruptcy before the foreclosure action was resolved, and the bankruptcy court imposed a stay on the foreclosure proceedings. When Second Timmon failed to make certain mandatory minimum payments, the bankruptcy court lifted its stay and the foreclosure action commenced again.

The parties then mediated the foreclosure action, with Brennan's grudging consent, and agreed to a settlement agreement. Pursuant to the agreement, the state court entered a final foreclosure judgment and the parties scheduled the foreclosure sale for January 26, 1988. The agreement provided that Brennan and his corporate entities could redeem the hotel prior to the sale for $26,000,-000. The state court entered a final judgment on October 5, 1987, and Brennan and his partners executed a release of claims related to the foreclosure on October 14, 1987. Second Timmon then filed an adversary proceeding in bankruptcy court seeking to enjoin the sale, but such relief was denied. Defendant Orlando Towers, Inc. (OTI) then purchased the Hotel at the scheduled foreclosure sale, and the adversary proceeding was dismissed by the bankruptcy court. Brennan then challenged the sale in state court, but his objections were overruled.

After the foreclosure sale, Second Timmon's federal bankruptcy proceeding was converted to a Chapter Seven liquidation, and ultimately OTI and the bankruptcy trustee entered into a comprehensive settlement agreement. Brennan filed a lengthy

objection to the proposed settlement before the bankruptcy court, contending that Bracton, OTI, and Defendant Donald Vodra (Vodra) had fraudulently concealed information material to the foreclosure and arguing that the foreclosure judgment therefore should be overturned. In essence, Brennan contended that Bracton, OTI (a wholly-owned subsidiary of Bracton), and Vodra (President of Bracton) withheld information concerning other offers for the Hotel in an effort to acquire it for a price below market value at the foreclosure sale. Brennan failed to appear before the bankruptcy court to prosecute the objection, however, and the bankruptcy court overruled his objection and approved the settlement agreement on March 12, 1990. Brennan claims that he failed to appear because he could not legally represent a corporation, and could not afford an attorney. The bankruptcy trustee later released OTI and its predecessors in interest from any claims the trustee might have had regarding the foreclosure action or the bankruptcy proceeding.

## II. Legal Discussion

Brennan filed a complaint in this court alleging that Defendants violated both federal and Florida RICO laws through their acts against him and his corporate entities. He asserts that Defendants shared a common purpose of defrauding him through certain racketeering activities, including usury and fraudulent concealment of material facts. Defendants contend that Brennan's cause of action under the RICO laws has been precluded by the earlier foreclosure action and the bankruptcy proceeding, because Brennan has already litigated these issues. Because he has neither raised a RICO claim nor been required to raise any RICO claim as a compulsory counterclaim, Brennan argues that he should not be precluded. After setting forth the standards for summary judgment, the court will consider the preclusive effect of the previous actions on Brennan's claims.

### A. Standard for Summary Judgment

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied the burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy this burden. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53; Fed.R.Civ.P. 56(c).

"[A]ll that is required [to proceed to trial] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511 (quoting *First Nat'l. Bank v. Cities Serv. Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Summary judgment is mandated, however, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

## B. Claim Preclusion

■ The doctrine of claim preclusion, also known as res judicata, "provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are therefore bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter that might have been offered for that purpose." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876)); *see also Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Issues litigated in a state court proceeding should be given the same preclusive effect in subsequent federal court actions as in the courts of the state where the judgment was rendered. *Adams v. Sewell,* 946 F.2d 757, 762 (11th Cir.1991) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 83, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984)), *overruled on other grounds by McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994).

■ The court therefore looks to Florida law to determine the preclusive effect of a Florida court judgment. Florida law specifies four conditions that must be satisfied for a previous judgment to have preclusive effect under the principles of claim preclusion: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the complaint is made." *Adams, supra,* 946 F.2d at 762. Under these conditions, then, a Florida state court judgment has preclusive effect in federal court. Bankruptcy court judgments also are entitled to preclusive effect under the same conditions in subsequent federal court actions. *See Southeast Bank, N.A. v. Equitec Leasing Investors,* 446 So.2d 1155 (Fla. Dist.Ct.App.1984).

■ Brennan argues that the judgments in the foreclosure action and the bankruptcy proceeding should not preclude his claim in this case, because he has not litigated RICO claims against Defendants and therefore there is no "identity of the cause of action." However, the principal test for determining whether the causes of action are identical under Florida law "is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *I.A. Durbin, Inc. v. Jefferson Nat'l. Bank,* 793 F.2d 1541, 1549 (11th Cir.1986); *see also Albrecht v. State,* 444 So.2d 8, 12 (Fla.1984). To put the matter another way, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of [claim preclusion]." *Citibank, N.A. v. Data Lease Fin. Corp.,* 904 F.2d 1498, 1503 (11th Cir.1990) (quoting *Ruple v. City of Vermillion, S.D.,* 714 F.2d 860, 861 (8th Cir.1983)). *See also In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1551 (11th Cir.) (acknowledging Florida's adoption of the "transactional" test in Restatement (2d) of Judgments § 24 (1982)), *cert. denied,* 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990); *Signo v. Florida Farm Bureau Casualty Ins. Co.,* 454 So.2d 3, 5 (Fla.Dist.Ct. App.1984) (same).

■ In this case, the underlying conduct that Brennan alleges to support his RICO claims are Crocker's and Bracton's usury and Defendants' fraudulent concealment of certain material facts prior to the foreclosure sale. All of the acts that Brennan has complained of in this action were integral to his earlier litigation in both state court and in the bankruptcy proceeding. Brennan counterclaimed in the original foreclosure action alleging usury and other forms of lender liability in an effort to avoid foreclosure. The parties resolved that action through mediation and settlement. Brennan then tried to overturn that settlement agreement by claiming before the bankruptcy court that the agreement was fraudulently obtained. Because Brennan did not appear in court to argue these claims, the bankruptcy judge overruled these objections.

■ For purposes of claim preclusion, whether the bankruptcy court over-

ruled the objections because Brennan abandoned them or because they were without merit is irrelevant. It is also irrelevant that Brennan asserts that he was unaware of certain concealed facts until after the bankruptcy proceeding. *See Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 596 (7th Cir.1986) (finding plaintiff's contention that claim preclusion should not bar claims based on prejudgment facts that were unknown to plaintiff at the time to be "absolutely without merit"). The causes of action in the foreclosure action and the bankruptcy proceeding are identical to Brennan's RICO claims in this case for purposes of claim preclusion. Defendants are entitled to rely on the earlier judgments by courts of competent jurisdiction, and should not be forced to submit to a retelling of the same claims under a technically different guise.

Finally, though the parties do not argue the point, the court notes that Brennan seeks a different remedy in this case under the RICO laws than he did in the earlier actions. This fact, however, does not prevent the application of claim preclusion in this case. *See Benline v. City of Deland*, 731 F.Supp. 464, 467 (M.D.Fla.1989), *aff'd*, 897 F.2d 1127 (11th Cir.1990) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 n. 22, 102 S.Ct. 1883, 1897 n. 22, 72 L.Ed.2d 262 (1982) and *Thermofin, Inc. v. Woodruff*, 491 So.2d 344, 345 (Fla.Dist.Ct.App.1986)). The court therefore holds that all of the conditions required for the earlier judgments to have preclusive effect in this case have been met, and that Brennan's claims in this case are barred under the principles of claim preclusion.

### III. Conclusion

Brennan's claims in this case originate from the same nucleus of operative fact as two earlier judgments in state court and in the bankruptcy proceeding, and those judgments preclude Brennan's claims in this case under the principles of claim preclusion. The court therefore does not reach Defendants' contention that principles of issue preclusion and the releases prevent Brennan from bringing these claims. The court **GRANTS** Defendants' motions for summary judgment (Docs. 50, 90), and instructs the clerk of the court to enter judgment accordingly.

It is **SO ORDERED.**