960 So.2d 14 (2007)
Thomas A. LEAHY, d/b/a Far East Accents, Appellant,
v.
James H. BATMASIAN, etc., et al., Appellees.
No. 4D06-245.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Rehearing Denied July 13, 2007.
*15 Nancy Little Hoffman of Nancy Little Hoffman, P.A., Pompano Beach, for appellant.
*16 Alexander D. Varkas, Robert A. Sweetapple and Peter Sosin of Sweetapple, Broeker, Varkas, Feltman & Sosin, Boca Raton, for appellees.
WARNER, J.
In this complicated landlord-tenant proceeding, the trial court granted summary judgment to the landlord on the tenant's complaint for damages for wrongful eviction. The court found that the complaint was barred by res judicata, because the tenant had not raised the issue in prior proceedings where the landlord had sued for eviction and damages and the tenant counterclaimed for constructive eviction based upon premises defects. We affirm the summary judgment concluding that res judicata bars the present suit.
Appellant Leahy entered into a lease with landlord Batmasian in 1993. When Leahy failed to pay the full amount of the rent claimed in 1994, Batmasian filed suit to evict Leahy and for unpaid rent. Leahy counterclaimed for constructive eviction due to premises defects and fraudulent inducement. Leahy actually vacated the premises shortly after the suit was filed.
The suit for unpaid rent and counterclaim for constructive eviction continued until 1999. When the court compelled Batmasian to produce various financial records at Leahy's request, Batmasian represented that most of the documents were unrelated to the pending claims, with which Leahy's counsel agreed. The documents were not produced. In 2001, Batmasian agreed to dismiss his claim for unpaid rent in return for Leahy's dismissal of his claim for fraudulent inducement. Leahy's claim for constructive eviction remained.
Leahy, while unrepresented by counsel, discovered some documents in 2002 which he contended showed that Batmasian had overcharged him on rent. Had rent been calculated properly, he would have been current and not subject to eviction. Based upon this newly discovered evidence, he moved to amend his complaint for the seventh time to add a wrongful eviction claim. During the hearing, the trial court indicated that it would not consider the claim without the filing of the proposed amended complaint, but Batmasian explained that denying on that basis was probably not sustainable. Batmasian then offered other reasons for denying the claim. The trial court entered a simple denial of the motion without elaborating a reason.
Shortly thereafter, the court held a trial on Leahy's complaint of constructive eviction due to premises defects. It found for Batmasian and entered final judgment in his favor. Leahy did not appeal the final judgment.
Instead, Leahy filed a new complaint alleging a cause of action for breach of the contract based upon breach of the covenant of quiet enjoyment through wrongful eviction. The complaint followed the allegations of his motion to amend his claim in the prior suit and alleged that the documents showing the overcharging of rent had been "fraudulently concealed" from him by Batmasian in the first lawsuit, and he had only discovered them by other means in 2002. He claimed damages as a result of Batmasian's overcharging. The damages claimed were essentially the same as those claimed in the prior suit.
Batmasian answered and raised the following affirmative defenses: (1) the claims were precluded by the expiration of the statute of limitations, (2) the claims were barred by res judicata, and (3) the claims should have been asserted as compulsory counterclaims in the prior action. He then moved for summary judgment, which the trial court granted on various bases, including res judicata.
*17 Leahy then moved to amend his claims again to assert claims of fraud in the inducement of the contract and negligent misrepresentation. The court denied these claims as being compulsory in the prior action. It then entered final summary judgment on all claims. From these orders, Leahy appeals.
Leahy contends res judicata does not apply because there was no identity in the causes of action. "For res judicata to apply, there must be four identities: (1) identity of thing sued for, (2) identity of cause of action, (3) identity of persons and parties to the action, and (4) identity of quality or capacity of persons for or against whom the claim is made." Burns v. DaimlerChrysler Corp., 914 So.2d 451, 453 (Fla. 4th DCA 2005). Identity of the causes of action is established when "`the facts or evidence necessary to maintain the suit are the same in both actions.'" Tyson v. Viacom, Inc., 890 So.2d 1205, 1209 (Fla. 4th DCA 2005)(quoting Albrecht v. State, 444 So.2d 8, 12 (Fla.1984)).
Contrary to Leahy's contention, in this case there is an identity of the causes of action. Both the 1994 action and the 2004 action were causes of action for breach of the same lease, resulting in the same damages. The difference between the two actions consisted of the different terms of the contract and underlying facts on which each alleged breach was based. However, the single act upon which damages were predicated was Leahy's wrongful eviction.
Courts have often relied on the following statement regarding the application of res judicata:
A judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.
Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984) (quoting Wade v. Clower, 94 Fla. 817, 114 So. 548, 552 (1927)). However, as Judge Gross noted in his concurring opinion in Tyson, the supreme court actually has a more narrow view of what that means. He noted that in Hay v. Salisbury, 92 Fla. 446, 109 So. 617, 621 (1926), the supreme court explained this area of law:
The test of the identity of causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the suits.
. . .
When the second suit is between the same parties as the first and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject-matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties. This rule applies to every question falling within the purview of the original action, both in respect to matters of claim and defense, which could have been presented by the exercise of due diligence.

Id. (citations omitted) (emphasis added). Thus, the question which must be asked to determine the application of res judicata is whether the essential elements of the *18 cause of action, and thus the ultimate facts to be proved, are the same. For instance, in Woodson v. Woodson, 89 So.2d 665 (Fla. 1956), a widow first filed suit for wrongful death of her husband on a theory of gross negligence of the driver. After that suit failed, she then filed a wrongful death action against the same defendant, alleging a private carrier for hire relationship and simple negligence. The court held that res judicata barred the second suit. Both suits were for wrongful death of the husband, and required the widow to bring all theories of recovery in the first suit, even though the specific facts necessary to prove one theory of recovery were different than the other theory.
We followed this rationale in Signo v. Florida Farm Bureau Casualty Insurance Co., 454 So.2d 3 (Fla. 4th DCA 1984). There, the plaintiff sued the defendants for damages due to an automobile accident. She alleged that the defendants were negligent in hiring the driver of the vehicle which hit her. After the trial court granted summary judgment which was affirmed on appeal, the plaintiff brought a new claim that the same defendants were bailees of the vehicle and liable for its negligent operation. Our court held that the second action was barred by res judicata, as the original cause of action was for negligence and the second suit was merely a different theory of negligence.
Similarly, Leahy sued Batmasian for breach of contract and alleged damages. The second suit also alleged a breach of the same contract, resulting in the eviction of Leahy, and alleged the same damages. Just as in Woodson and Signo, the cause of action and theory of recovery was the same  breach of contract. The essential elements of both causes of action were 1) the existence of a contract; 2) breach of that contract through Leahy's wrongful eviction; and 3) damages. The fact that the method of breach asserted is different in each complaint is akin to different theories of negligence which do not escape the bar of the doctrine of res judicata. Therefore the second complaint is barred by the doctrine of res judicata.
In Tyson we explained that our result in Signo relied more on the principle against splitting a cause of action, an aspect of res judicata. That principle was explained in Mims v. Reid, 98 So.2d 498 (Fla.1957):
The law does not permit the owner of a single or entire cause of action or an entire indivisible demand to divide or split that cause of action so as to make it the subject of several actions, without the consent of the defendant. All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all. The law presumes that a single cause of action can be tried and determined in one suit, and will not permit the plaintiff to maintain more than one action against the same party for the same cause. This rule is founded on the plainest and most substantial justice  namely, that litigation should have an end, and that no person should be unnecessarily harassed with a multiplicity of suits. If the first suit is effective and available, and affords ample remedy to the plaintiff, the second suit is unnecessary and consequently vexatious. The rule against splitting causes of action is closely related to the doctrine of res judicata in this respect.
Id. at 500-01 (citation omitted). As Judge Gross noted in his concurring opinion in Tyson, "For the purpose of applying the rule against splitting a cause of action, `cause of action' is defined as `the right which a party has to institute a judicial proceeding.'" 890 So.2d at 1220-21 (quoting Shearn v. Orlando Funeral Home, *19 Inc., 88 So.2d 591, 593 (Fla.1956)). Here, that right was a breach of contract action. Thus, whether termed res judicata or splitting a cause of action, those doctrines would bar recovery for the breach of contract in the second suit.
To overcome the bar, Leahy asserts that Batmasian is precluded from asserting res judicata or splitting a cause of action by the doctrine of judicial estoppel, because Batmasian's attorney objected to the assertion of the claim in the prior proceeding. In Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061 (Fla. 2001), the supreme court discussed the doctrine of judicial estoppel, quoting from Chase & Co. v. Little, 116 Fla. 667, 156 So. 609, 610 (1934):
A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party.
In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and the same questions must be involved. So, the party claiming the estoppel must have been misled and have changed his position; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position. There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel; where the conduct relied on to create the estoppel was caused by the act of the party claiming the estoppel, or where the positions taken involved solely a question of law.
Id. at 1066. See also Grau v. Provident Life & Accident Ins. Co., 899 So.2d 396 (Fla. 4th DCA 2005).
Leahy argues that Batmasian's argument against the motion to amend to assert the new breach of contract claim in the prior suit prevents him from asserting the bar of res judicata in this suit. Just before trial in the prior suit, Leahy moved to amend his counterclaim for breach of contract to assert his newly discovered claim. This was the seventh time he sought to amend his counterclaim. Without first hearing from Batmasian, the trial court stated that it would deny the claim because Leahy had not filed a proposed amended complaint. Batmasian asked to be heard and did not rely on the lack of a proposed pleading. Instead, he argued that to allow the amendment would be a classic case of abuse of the amendment process, and the amendment would be futile because the claim was barred by the statute of limitations. Counsel also challenged the allegation that he had fraudulently misrepresented anything in connection with the production of documents. Finally, he asserted that the proposed amendment constituted a different cause of action requiring proof of different facts which should result in denial of the motion to amend. The trial court made little comment at the hearing and entered an order of denial without explanation.
Under the principles set forth in Blumberg, no judicial estoppel has been proved. While Batmasian did argue to the judge that the causes of action were different in objecting to the amendment, the judge's simple denial does not mean that Batmasian was successful on that position. The judge had already announced his intention to deny because no proposed pleading had *20 been filed. Further, Batmasian also argued that the amendment process was being abused. We have often said that Florida's liberal policy of amendment gradually diminishes as the case proceeds to trial. See, e.g., Noble v. Martin Mem'l Hosp. Ass'n, Inc., 710 So.2d 567 (Fla. 4th DCA 1997). Given that Leahy was asking for the seventh time to amend his pleading just before trial, the trial court may have very well exercised its discretion to deny the motion on that ground. Thus, because we cannot say that Batmasian succeeded in asserting his position as to the cause of action, judicial estoppel does not apply.
In Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., 807 So.2d 669 (Fla. 4th DCA 2001), we held that Fowler White could not assert res judicata or estoppel by judgment in a second suit, where it opposed a motion to amend to add the claim in the first suit between the parties. However, in the prior suit the firm opposed the motion to amend by claiming that the proposed claim was not yet mature and thus could not be brought in the first suit. It further alleged that res judicata would not bar a subsequent suit. Kellogg is distinguishable from this case. Fowler White's argument in the prior suit invited the assertion of a second suit because it alleged that the claim was not mature and would not be barred by res judicata. Nowhere in this suit did Batmasian suggest that the claims raised could be asserted in a subsequent suit.
Leahy claims that Batmasian's counsel misrepresented the relevance of discovery which would have revealed the existence of this new claim, but this does not allow him to file a new lawsuit on this newly discovered evidence. The "fraud" alleged constitutes intrinsic fraud. See Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184 (Fla.1989). Thus, Leahy should have either appealed the first final judgment or moved for relief under Florida Rule of Civil Procedure 1.540(b). He cannot file a separate lawsuit to obtain relief.
For these reasons, we conclude that Leahy's second suit was barred by the doctrines of res judicata or splitting the cause of action, and Batmasian was not judicially estopped from making the argument in this case. We therefore affirm the final summary judgment of the trial court.
Affirmed.
STEVENSON, C.J., and TAYLOR, J., concur.