406 So.2d 873 (1981)
Harvey J. BENEFIELD, as Administrator of the Estate of Jeffrey G. Benefield, Deceased
v.
AQUASLIDE 'N' DIVE CORPORATION.
No. 80-192.
Supreme Court of Alabama.
October 2, 1981.
Rehearing Denied November 6, 1981.
*874 Joseph M. Brown, Jr., of Cunningham, Bounds, Byrd, Yance & Crowder, Mobile, for appellant.
Mack B. Binion and J. P. Courtney, III, of Lyons, Pipes & Cook, Mobile, for appellee.
BEATTY, Justice.
This case presents a question of first impression on whether simultaneous recovery of both punitive damages for wrongful death under a tort claim and compensatory damages for injuries suffered by the decedent between the date of his injury and the date of his death under a contract claim may be sought. We answer the question in the affirmative.
On May 31, 1978 Jeffrey G. Benefield, as the result of sliding down a swimming pool sliding board which had been manufactured by Aquaslide `N' Dive Corporation (Aquaslide) and installed by Continental Pools, Inc., sustained a fracture dislocation of two of the cervical vertebrae of his spine with incidental spinal cord transection and quadriplegia. Jeffrey died nine days later. Neither Jeffrey nor anyone on his behalf filed an action prior to his death.
On April 1, 1980 Harvey J. Benefield, as administrator of the estate of Jeffrey G. Benefield, filed an action against Aquaslide, Continental Pools, Inc. and certain fictitious parties. This appeal concerns only the claims alleged against Aquaslide. Those claims are contained in the first and third counts of plaintiff Benefield's complaint. The first count sets forth a claim for the wrongful death of Jeffrey Benefield, the decedent, under the Alabama Extended Manufacturer's Liability Doctrine. The third count sets forth a claim for breach of warranties, seeking recovery not for the death of the decedent but for the pain and medical expenses suffered by him between the date of his injury and the date of his death.
On June 6, 1980 Aquaslide filed a motion to dismiss each count for failure to state a claim upon which relief could be granted. Rule 12(b)(6), ARCP. In particular Aquaslide urged that the third count, dealing with breach of warranties, should be dismissed because "the law of the state of Alabama does not allow for a breach of warranty (contract) claim in a death action." The trial court granted Aquaslide's motion to dismiss as to the third count on July 8, 1980. Subsequently plaintiff filed a motion for the trial court to reconsider the order granting the motion to dismiss or, alternatively, to enter a final judgment pursuant to Rule 54(b), ARCP, so that this Court could review it. The trial court first denied the motion; however, on a later motion to reconsider, it did enter a final judgment as to the dismissed count under Rule 54(b), ARCP. Plaintiff appealed.
Aquaslide filed a motion to dismiss this appeal on the ground that the Rule 54(b) judgment was improperly entered, thereby depriving this Court of appellate jurisdiction. Plaintiff objected. We ruled, on January 26, 1981, that the motion to dismiss would be submitted on appeal along with the substantive issue of whether the trial court erred in dismissing plaintiff's breach of warranty count.
The threshold issue before us is whether the trial court's dismissal of the third count is a "final judgment" so as to give this Court appellate jurisdiction under § 12-22-2, Code of 1975.
Rule 54(b), ARCP, states as follows:
When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment....
*875 The trial court's order expressly directing the entry of judgment recites that there was "no just reason for delay" in entering judgment as to count three of the complaint. There is nothing wrong, then, with the wording of the order. The issue, more narrowly stated, is whether counts one and three present "more than one claim for relief" in this action. Aquaslide argues that there is only one claim for relief, the claim for wrongful death which is still pending under count one, and that count three is merely an alternative statement of that one claim. See Rule 8(e), ARCP. We disagree.
In Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975) we noted that "the ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." Id. at 540, 307 So.2d at 10. We also expressly ruled in Cates that "the fact that the claims may have arisen out of the same set of facts does not mean they are not multiple claims." Id. Thus, Aquaslide's argument that the same set of facts gives rise to plaintiff's theories of recovery in this case does not, without more, establish that the counts present only a singular claim.
It is clear that this case involves different claims. Even though the claims arise out of the same occurrence, the fact that one is a tort claim and the other a contract claim is a sufficient distinction. The tort claim for wrongful death seeks punitive damages only and the contract claim for breach of warranties seeks compensatory damages only. Thus, there can be no double recovery. And, as our discussion of the substantive issue on this appeal will show, the dismissed contract claim could have been separately brought and enforced without the attendant tort claim for wrongful death. We hold, therefore, that the trial court's action entering a "final judgment" as to count three was in accord with Rule 54(b), ARCP, and we deny Aquaslide's motion to dismiss this appeal.
The issue to be resolved on this appeal is whether the trial court erred in dismissing the breach of warranty claim for failure to state a claim upon which relief can be granted. Rule 12(b)(6), ARCP. To reiterate the essential facts, the breach of warranty count seeks compensatory damages for the injuries and expenses suffered by the decedent between the date of his injury and the date of his death. The decedent did not file an action on his behalf prior to his death.
Code of 1975, § 6-5-462 provides:
In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor. [Emphasis added.]
Aquaslide argues that plaintiff's breach of warranty claim is a "personal claim" under § 6-5-462 because the decedent suffered injuries to his person. Thus, according to Aquaslide, the action for breach of warranty could survive only if the suit had been filed prior to death. Admittedly, the decedent sustained personal injuries. Despite this tortious characteristic of plaintiff's claim, it cannot be overlooked that a breach of warranty claim is a contract claim. Simmons v. Clemco Industries, Ala., 368 So.2d 509 (1979). A contract action pursuant to § 6-5-462 survives in favor of the personal representative regardless of whether the decedent filed the action before his death. The fact that the decedent dies as a result of the injuries sued upon does not change this general rule. Simmons, 368 So.2d at 516.
Aquaslide argues further that, even if the breach of warranty claim survives, plaintiff's exclusive remedy is under the wrongful death statute, § 6-5-410, Code of 1975. That is, Aquaslide appears to argue *876 that the breach of warranty claim merges into the extended manufacturer's liability claim for wrongful death. The fallacy of that argument is that this plaintiff as well as future plaintiffs would then be barred from seeking any damages other than punitive damages for the death of the decedent. Should breaching manufacturers be allowed to escape liability for compensatory contract damages sustained by the decedent before his death merely because he dies as a result of the breach? We think not. The breach of warranty (contract) claim is a separate and distinct claim from the wrongful death (tort) claim and seeks compensatory damages only, not for the wrongful death of the decedent but for the injuries suffered before his death. It would be illogical to merge the two claims. We hold that it was error for the trial court to dismiss count three. That count does state a claim for which relief can be granted. The judgment therefore, must be, and is, reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, EMBRY and ADAMS, JJ., concur.
JONES, J., concurs specially.
SHORES, J., dissents with opinion, in which TORBERT, C.J., and MADDOX, J., concur.
ALMON, J., dissents without opinion.
JONES, Justice (concurring specially).
I concur with the majority only because of this Court's holding in Geohagen v. General Motors Corp., 291 Ala. 167, 279 So.2d 436 (1973). If the dissent in Geohagen had prevailed, I would go even beyond the dissent in the instant case; I would follow the precedent of Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13 (1942), and not permit the election of remedies (as between the survival of the contract claim for compensatory damages and a claim for wrongful death) where death results from the alleged wrongful conduct. But the dissent in Geohagen did not prevail; and, under current Alabama law, no contractual cause of action for wrongful death exists.
Thus, the dichotomy that produced Fies & Sons is not present in the context of a death caused by breach of contract.[1] In other words, the "merger of tort remedies" concept, on which the Fies & Sons rationale is premised, has no application in the "cross over" context of the survival of the contract claim and the current tort claim for wrongful death. The very element present in Fies & Sons a like claim in tort for wrongful deathis absent here because there is no like claim in contract for wrongful death. Therefore, there is no impediment, under the current status of our law, to the survival of a contract claim for compensatory damages and a concurrent claim in tort for wrongful death where death results from the same injury.
Personally, I would welcome a reversal of Geohagen. In that event I would hold, consistent with Fies & Sons, that the contract claim for compensatory damages survives only where death results from causes other than the injury made the basis of the personal injury action.
SHORES, Justice (dissenting):
I agree with the majority that a cause of action for breach of warranty survives the death of Jeffrey Benefield and may be maintained by his administrator. Section 6-5-462, Ala. Code 1975, expressly provides for its survival and we recognized that in Simmons v. Clemco Industries, 368 So.2d 509 (Ala.1979). I also agree that an action for wrongful death based upon the extended manufacturer's liability doctrine lies. I *877 disagree, however, that recovery may be had on both.
For many years, this Court has held that an action for personal injury filed before the plaintiff's death survives and may be thereafter maintained only if death results from some other cause than that made the basis of the personal injury suit. Breed v. Atlanta, B. & C.R. Co., 241 Ala. 640, 4 So.2d 315 (1941). If death results from the same injury made the basis of the personal injury action, the wrongful death statute supplies the only remedy for the injury resulting in death. Carroll v. Florala Memorial Hospital, Inc., 288 Ala. 118, 257 So.2d 837 (1972).
While I might not have agreed with the reasonings of these old cases, particularly where it is uncertain whether the death was due to the injury or to other causes, causing plaintiff's lawyer to decide in advance and at his peril a question upon which physicians might disagree, nevertheless they have been consistently followed and plaintiffs have been relegated to an action for wrongful death and punitive damages only.
To allow the plaintiff here to proceed on the breach of warranty count, as well as on the count seeking damages for wrongful death on a tort claim, would give the contract claim greater efficacy than is allowed a tort claim for personal injury. The majority reasons that this result is permissible because the survival statute says that a contract cause of action survives. The survival statute also says that a tort action survives, but this Court has always held that the survival statute is not to operate to defeat the purpose of the wrongful death statute, to punish civilly wrongdoers who cause homicide and to deter others from similar activity. The result reached by the majority would allow compensatory damages in a death case, which this Court has consistently refused to allow until today. I would hold that the plaintiff can proceed on the breach of warranty claim or the death action, but not both. I would require an election before submission to the jury. Therefore, I respectfully dissent.
TORBERT, C.J., and MADDOX, J., concur.
NOTES
[1] Although, Parker v. Fies & Sons, supra, has been the source of frequent criticism, I have always felt that both its holding and its underlying rationale were basically sound. My only point of disagreement is with its implied mandate that the plaintiff's lawyer is required to make a choice between the survival of a tort claim and the claim for wrongful death where the cause of death is in dispute. It seems to me that any factual dispute as to the cause of death should be resolved by the jury.