470 So.2d 1125 (1985)
Donna PRICE, As Administratrix of the Estate of Lonnie Price; Donna Price, as Mother of Annastocia Price
v.
SOUTHERN RAILWAY COMPANY, a Corporation.
83-468.
Supreme Court of Alabama.
March 22, 1985.
Rehearing Denied May 10, 1985.
*1126 Robert Wyeth Lee, Jr. of Wininger & Lee, Birmingham, for appellant.
Crawford S. McGivaren, Jr. and Larry B. Childs of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for appellee.
Grover S. McLeod, Birmingham, for amicus curiae in support of Donna Price, appellant.

On Application for Rehearing
PER CURIAM.
This Court's opinion of September 7, 1984, is hereby withdrawn, and the following opinion is substituted therefor.
This is an appeal by the plaintiff, Donna Price, from a summary judgment entered in favor of the defendant, Southern Railway Company. We reverse and remand.

I.
On September 15, 1981, a gasoline tanker truck collided with a Southern Railway Company (Southern) train at a railroad crossing in Huntsville, Alabama. Lonnie Price and his daughter, Annastocia, were waiting in their car at that crossing when the collision occurred. Lonnie Price was severely injured, and his daughter was killed by the explosion and fire resulting from the collision. Lonnie Price and his wife, Donna Price, filed suit on September 24, 1981 (first action) to recover damages for his personal injuries and her loss of consortium, naming Southern, among others, as defendant. The following day, September 25, 1981, Lonnie Price died from his injuries.
On November 3, 1981, Donna Price amended the complaint filed in the first action, substituting herself as "Administratrix of the Estate of Lonnie Price deceased," for "Lonnie Price" as co-plaintiff. She also added, in substance, a count for the wrongful death of Lonnie Price. Another amendment was filed on September 10, 1982. This amendment named additional defendants, realleged the previous eight counts, and added specific counts (nine through eighteen) of negligence, wantonness, and breach of warranty against the newly named defendants and Southern in causing Donna Price's loss of consortium and the injuries and deaths of Lonnie and Annastocia Price.
That same day, September 10, Donna Price as administratix of the estate of Lonnie Price, and as mother of Annastocia Price, filed a new lawsuit (second action) against Southern, and others, claiming damages for the wrongful deaths of Lonnie and Annastocia. The allegations of negligence, wantonness, and breach of warranty were substantially the same as those made in the prior complaint, as amended, filed in the first action. Southern moved to dismiss this second action on October 26, 1982, because of the pendency of the previously filed first action. The circuit court overruled Southern's motion to dismiss, conditioned upon the plaintiff's voluntary dismissal of Southern from the first action. On December 21, 1982, Donna Price voluntarily and without prejudice dismissed Southern as a party to the first action, and the next day, the circuit court entered an order to that effect.
The condition of the court's order denying Southern's motion to dismiss having been fulfilled, Southern filed its answer in the second action, asserting, as it had in its motion to dismiss, that the action was barred by the election of remedies statute, Code of 1975, § 6-5-440, set forth below:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and *1127 against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
On September 13, 1983, upon proper motion, the circuit court ordered the first action and the second action consolidated for discovery purposes only. On October 7, 1983, Southern filed a motion for summary judgment in the second action, again asserting that the second action was barred by § 6-5-440, supra. The circuit court granted Southern's summary judgment motion on December 14, 1983, in effect dismissing the second action. On December 31, 1983, plaintiff filed a motion under Rule 60(b), A.R.Civ.P., in the first action asking the trial court to set aside the order dismissing Southern from that action. The motion was denied. Plaintiff did not appeal the denial of this Rule 60(b) motion in the first action; however, on January 23, 1984, she filed this appeal from the summary judgment for Southern in the second action.

II.
This appeal raises issues which heretofore have not been directly addressed by this Court in light of the adoption of the Alabama Rules of Civil Procedure and our holding in Benefield v. Aquaslide `N' Dive Corp., 406 So.2d 873 (Ala.1981). First, we must decide whether, on these facts, the personal injury action filed by Lonnie Price prior to his death may be amended by Donna Price, the administratrix of his estate, to add a claim for his wrongful death; and second, whether Donna Price's own claim for loss of consortium survived the death of her husband Lonnie, when he died as a result of the injuries he sustained.
Southern argues that in fact plaintiff was prosecuting the same claims in her various capacities against the same defendants in two separate lawsuits. Therefore, Southern contends that the second lawsuit was properly dismissed under the plain language of § 6-5-440, supra, that "[n]o plaintiff is entitled to prosecute two actions... at the same time for the same cause and against the same party." Southern reasons that, although Lonnie Price's claim for personal injuries did not survive his death, Donna Price's claim for loss of consortium did survive. Consequently, according to Southern, Rule 15(d), A.R.Civ.P., set forth below, allows her to amend that claim in her first action to add the claims for the wrongful deaths of her daughter and her husband:
"(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor." (Emphasis added.)
Plaintiff, on the other hand, first contends that she was not attempting to state a claim for the wrongful deaths of Lonnie and Annastocia Price in her amendments to the first lawsuit. In support of this contention, she explains in her brief the trial court's rationale in conditioning its denial of Southern's motion to dismiss the second action on plaintiff's dismissal of Southern from the first action without prejudice: the plaintiff had argued before the trial court that she, in her representative capacity, was entitled to pursue an action under warranty against the other defendants in the first action filed by her husband, as recognized by this Court in Benefield v. Aquaslide `N' Dive Corp., supra. In Benefield, this Court held that a breach of warranty claim seeking compensatory damages for personal injuries was a separate and distinct claim from the wrongful death claim, and, because it was a contract claim, it survived the death of the injured *1128 party under Code of 1975, § 6-5-462. Plaintiff maintains that, since the trial court found that no claim in the first action under a warranty theory existed against Southern and the tort claim for personal injuries did not survive, Lonnie's death having resulted from the accident in question, it concluded that only Southern should be dismissed from the first lawsuit. By refusing to dismiss the second action entirely, she argues, the trial court believed the first action could not be amended to state a claim for wrongful death.
The original complaint in the first action, filed before Lonnie Price's death, did not state a claim for breach of warranty. It was only after his death that Donna Price sought to amend that complaint to state a claim for breach of warranty. This amendment had no effect, because Lonnie's claim as stated in the original complaint was extinguished, and, thus, the action was no longer viable. Because his tort claim for personal injury abated, the action, as filed by Lonnie Price, ended; consequently, it could not be amended. See Proctor v. Gissendanner, 579 F.2d 876 (5th Cir.1978).
This is not to say that a claim for personal injuries from breach of warranty does not survive unless the claim had been filed prior to the death of the injured party. Clearly, Benefield, supra, holds:
"A contract action pursuant to § 6-5-462 survives in favor of the personal representative regardless of whether the decedent filed the action before his death. The fact that the decedent dies as a result of the injuries sued upon does not change this general rule. Simmons [v. Clemco Industries], 368 So.2d 509, at 516." (Emphasis added.) 406 So.2d at 875.
Nevertheless, in order for an action for personal injury, based upon warranty, filed by the decedent prior to his death to survive for purposes of substitution under Rule 25, A.R.Civ.P., the decedent must have stated a claim for breach of warranty. Otherwise, a new action must be filed in which the breach of warranty claim may be asserted.
Plaintiff further argues that, even if she had sought, after Lonnie's death, to amend the complaint in the first action so as to sue in a representative capacity and state a claim for his wrongful death and reallege her individual claim for loss of consortium, it was improper for her to do so and would have had no effect. Her proper course of action, she says, was to file a new lawsuit, because under the rule stated in Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13 (1942), a complaint for personal injuries cannot be amended to state a subsequently accruing claim for wrongful death. She further argues that her claim for loss of consortium did not survive the death of her husband. We do not agree with this last contention.
Southern contends that Parker, supra, is no longer relevant in light of the enactment of the Alabama Rules of Civil Procedure, since the Court in Parker was construing the former amendment statute, Title 7, § 239, Code of 1940, which has been superseded by Rule 15, A.R.Civ.P. See Appendix II, Alabama Rules of Civil Procedure.
It is true, as Southern argues, that the basis for the holding in Parker was that the former statute permitted only those amendments which could have been alleged at the time the original complaint was filed, while, on the other hand, Rule 15 now allows a party to amend, alleging "transactions or occurrences or events" which have happened subsequent to the date of the original complaint. Nevertheless, the trial court having treated the rule in Parker as controlling, it would be unjust to apply A.R.Civ.P. 15(d) to completely deprive this plaintiff of both actions.
When Southern filed its motion to dismiss the second action, setting up § 6-5-440, the trial court should have denied the motion to dismiss the new action seeking damages for Lonnie Price's wrongful death because this Court has not heretofore construed Rule 15, A.R.Civ.P., to modify the rule announced in Parker v. Fies & Sons, supra. That rule was, as Southern correctly points out, based upon a statute, Tit. 7, § 239, which prohibited an amendment to *1129 add a claim which did not exist at the time the original complaint was filed. We agree with Southern that there is no reason for the retention of the rule announced in Parker, but it would be unjust to apply a new rule to bar the new suit for wrongful death of Lonnie Price in the posture of this case.
This Court has not squarely decided this "amendment" issue since the enactment of the Alabama Rules of Civil Procedure. We cited Parker v. Fies & Sons, Inc., supra, in McMickens v. Waldrop, 406 So.2d 867 (Ala. 1981), where Lavonne McMickens filed suit against two doctors for the harm caused her as a result of their alleged medical malpractice. She later died. Her malpractice suit was dismissed on the joint motion of all parties, and the administrator of her estate filed a new lawsuit seeking damages for her wrongful death. In a footnote to its opinion in that case, this Court pointed out:
"By agreeing to the dismissal of the malpractice suit, plaintiff apparently was merely recognizing the procedural requirement of Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13 (1942), which requires that the previously filed personal injury suit [could not] be amended to allege wrongful death, but must be dismissed and a new suit brought." 406 So.2d at 868.
The Rules of Civil Procedure do change the rule announced in Parker v. Fies & Sons, in that now a complaint may be amended to add a claim which accrues after the filing of the original complaint. Apparently being conscious of that fact, the plaintiff in this case filed an amendment to add a claim for Lonnie Price's wrongful death in the pending action for his personal injuries and her loss of consortium. However, also being aware that Parker (albeit based upon a now superseded statute) prohibited the addition of the wrongful death claim by way of amendment, she also filed a separate action, at the same time, stating a claim for Lonnie Price's wrongful death. When she dismissed the first action on motion of Southern and at the direction of the Court, she was justified in assuming that the trial court was applying the Parker rule, thus holding that she was compelled to state the wrongful death claim by way of a new action. It would be unjust now to hold that because Rule 15 permits the amendment, it also mandates that the wrongful death claim be stated by way of amendment to the first action. Southern's argument, although sound, would result in injustice if applied to prevent the maintenance of the wrongful death action altogether.
Southern also argues that even though Lonnie Price's tort claim for personal injuries did not survive, Donna's claim for loss of consortium did survive. Therefore, Southern contends that Donna Price, individually, continued as a party to that first action, and under the rule stated in Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963), and followed in Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala.1977), she could not split her cause of action into two lawsuits even though she is suing in both actions in different capacities (individually, as administratrix of the estate of Lonnie Price, and as parent of Annastocia Price, deceased), claiming different damages, because all of the claims arise out of the same wrongful act or occurrence. Thus, Southern argues that, since her claim survived, the action survived and she continued and remained a party to the first action; therefore, Southern says, Rule 15(d) allowed her, and Sessions v. Cole Co., supra, required her, to amend the first action, rather than bring a second lawsuit.
We agree, insofar as the loss of consortium claim and the claim for wrongful death of the minor daughter are concerned, that the plaintiff cannot maintain both. This is the exact teaching of Sessions. Sessions holds that a parent's claim for wrongful death of a minor child and a claim for loss of consortium must be brought in a single suit and cannot be split. However, when the plaintiff dismissed her claim for loss of consortium, it no longer prevented her from pursuing her claim for wrongful death of her minor daughter in the second *1130 action. When the plaintiff filed her amendment in the first action to state a claim for the wrongful death of her minor daughter, she simultaneously filed a new action for the wrongful death of her minor daughter. When she dismissed the first action, which she was compelled to do, under § 6-5-440, this removed the impediment to the maintenance of a new suit.
Southern is correct that a spouse's claim for loss of consortium does survive where the injured spouse dies from his injuries. This does not compel an election of remedies as between the action for loss of consortium or the action for the spouse's wrongful death (unlike the action for the child's wrongful death) under § 6-5-440, supra. It is, of course, the law that no plaintiff is entitled to prosecute two actions at the same time for the same cause of action against the same party. § 6-5-440, supra.
The statute does not, however, prevent the prosecution of the action by the widow for wrongful death of the husband in her capacity as personal representative, because her separate action for loss of consortium is not an action for the same cause against the same defendant. We hold that the death of the husband did not abate the wife's action for loss of consortium. This has been the rule in this state since 1928 and was the rule at common law and is the rule in most other jurisdictions. In Graham v. Central of Georgia Ry. Co., 217 Ala. 658, 117 So. 286 (1928), speaking directly to this point, the Court said:
"It is unquestionably settled by the decisions of this court, that, notwithstanding the wife must sue for personal injuries to herself, the husband may maintain an action for compensatory damages, not for the injury, but resulting therefrom, such as the loss of her services or society, the cost of nursing and caring for her, etc. People's Home Tel. Co. v. Cockrum, 182 Ala. 549, 62 So. 86; Birmingham Southern R. Co. v. Lintner, 141 Ala. 420, 38 So. 363, 109 Am.St.Rep. 40, 3 Ann.Cas. 461; Southern Ry. Co. v. Crowder, 135 Ala. 417, 33 So. 335; Morrison v. Clark, 196 Ala. 670, 72 So. 305. This is true, although the injury produces death which is not immediate, and notwithstanding the right of action for the wrongful death of the wife is confined to her personal representative under the terms of section 5696 of the Code of 1923.
"`But, if the injury resulted in her death, this cannot, at the common law, be taken into account, either as the ground of action or as an aggravation of damages, and the husband's recovery must be limited to the loss suffered intermediate the injury and death.' Cooley on Torts (3d Ed.) p. 470. `At the common law no civil action can be maintained for the death of a human being caused by the wrongful act or negligence of another, or for damages suffered by any person by reason of such death; but where death does not at once ensue, a person entitled to the services of the one injured, may recover for the loss accruing between the injury and the death, and such action is not barred by the death.' Hyatt v. Adams, 16 Mich. 180."
217 Ala. at 660, 117 So. at 288.
There is no reason in law or logic to hold that a wife's cause of action for loss of consortium abates with the death of her husband. The cause of action belongs to her, and the loss is hers, not his. She has been deprived of her right of full marital participation with her husband because of the acts of the defendant. The fact that her husband died should not deprive her of the damages she suffered from the time of his injury until his death. 2 Harper & James, The Law of Torts, § 23.8 (1956), and Prosser, The Law of Torts, § 125 (4th ed. 1971).
Although we need not look to authority from other jurisdictions, since it is established law in this state that the wife's action does not abate with the husband's death, the following from the Supreme Court of Iowa expresses why this is the law in most jurisdictions, including Alabama:
"The exclusiveness of the wrongful death remedy does not defeat a surviving *1131 spouse's cause of action for loss of consortium for the period between the decedent's injury and death. This is because the consortium action would have vested in the spouse prior to the death, would not have belonged to the decedent if he had survived, and is not affected by the survivorship statute. Acuff v. Schmit, 248 Iowa 272, 78 N.W.2d 480 (1956)."
Wilson v. Iowa Power & Light Co., 280 N.W.2d 372 (Iowa 1979).
It is not the death of Lonnie Price that prevents Donna Price from proceeding with her claim for loss of consortium. It is the fact that she filed a separate action as mother of her deceased daughter and elected to prosecute it that prevents her pursuit of the loss of consortium claim. Again, this is the holding in Sessions, supra, where the Court said:
"The sole question before this Court is whether the appellant can be allowed, on proper objection, to maintain two actions, one suing as an individual seeking damages, as by the instant suit, and the other suing as father of a deceased minor, both actions against the same defendants arising out of the same occurrence. The question involving said § 119 is one of first impression before this Court.
"We are of the opinion that § 146, Tit. 7, Code of Ala.1940, as amended, applies to the two cases here under consideration and that the ruling of the trial court was correct. Quoting from the statute, for those not familiar with it:
"`No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times.'
There is no dispute that the suits were filed simultaneously nor is it disputed that the damages resulting to appellant in each case are alleged to have arisen from the same wrongful acts of the appellees. Also, both actions are brought by the same person and in the same or similar capacity and damages recovered in both actions, while not of the same character, will go to the same person for his sole use."
276 Ala. at 11-12, 158 So.2d at 653-54.
The judgment appealed from is reversed and the cause remanded for further proceedings, in the claim by Donna Price, as personal representative for the alleged wrongful death of her deceased husband, Lonnie Price, and individually for the alleged wrongful death of her deceased minor daughter.
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER and BEATTY, JJ., dissent.
BEATTY, Justice (dissenting):
Admittedly, this case is a procedural quagmire. Nevertheless, this Court is obliged to wade through the record in order to ascertain exactly what transpired below, and the Court must then determine the precise legal effect of each action or transaction. The majority's holding in this case not only overlooks the effect of certain actions by the plaintiff, but also contravenes well-established principles of law involving the election of remedies requirement and wrongful death in Alabama, as well as the express provisions of Rules 15(d) and 25(a), A.R.Civ.P.

I.
Assuming arguendo that the claim for loss of consortium should survive the death of the injured spouse, the majority correctly concludes that, under Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963), Donna Price cannot split her claim for loss of consortium and her claim for the death of her daughter, Annastocia. The majority, *1132 nevertheless, goes on to hold that only Donna Price's consortium claim in the second action is barred by the election of remedies statute. The majority reasons that
"when the plaintiff dismissed her claim for loss of consortium, it no longer prevented her from maintaining her action for wrongful death of her minor daughter in the second action. When the plaintiff filed her amendment in the first action to state a claim for the wrongful death of her minor daughter, she simultaneously filed a new action for the wrongful death of her minor daughter. When she dismissed the first action, which she was compelled to do, under § 6-5-440, this removed the impediment to the maintenance of a new suit." (Emphasis added.)
This quoted conclusion is not supported by the facts contained in the record. The record fails to show that Donna Price either "dismissed her claim for loss of consortium" or "dismissed the first action." Rather, the record shows that she dismissed Southern from the first action after the second action was filed. That being the case, the same legal reasoning used by the majority to bar the plaintiff's consortium claim must perforce operate to bar the claim for the wrongful death of the plaintiff's child. The majority, relying on Sessions, supra, concludes that "[i]t is the fact that she filed a separate action as mother of her deceased daughter that prevents her pursuit of the loss of consortium claim."
Without question, Donna Price not only asserted claims for loss of consortium in both actions, but she also asserted claims for the wrongful death of Annastocia in both actions. In fact, Counts "Seventeen" and "Eighteen" of the amendment to the first action, filed September 10, 1982, are almost identical to Counts "IX" and "X," respectively, of the second action, filed on the same day:
"COUNT SEVENTEEN
"1. Plaintiff realleges all previous counts and states that on or about September 15, 1981, the defendant Southern Railway Company was operating by and through its agents, servants and employees a certain train at the railroad crossing at Jordan Lane near its intersection with Southern Railway Track and Governors Drive.
"2. Plaintiff avers that the defendant Southern Railway Company by and through its agents, servants and employees operated said train negligently or wantonly and in such a manner as to create a hazard.
"3. Plaintiff avers that as a result of the negligent or wanton conduct of Southern Railway Company by and through its agents, servants or employees that Lonnie Price and Annastocia Price were involved in the collision described herein, thereby suffering injuries from which they both died.
"COUNT EIGHTEEN
"1. Plaintiff alleges that Southern Railway Company, City of Huntsville and defendants `51-60' violated the Safety Appliance Act or Acts of the United States of America and that Lonnie Price and Annastocia Price are beneficiaries of said act or acts and as a direct or proximate result of violation collision occurred whereas a gasoline tanker and/or trailer collided with Southern Railway Train resulting in an explosion and fire causing injury to Lonnie Price and Annastocia Price from which they both died."
"COUNT IX
"1. Plaintiff realleges all previous counts and states that on or about September 15, 1982, the defendant Southern Railway Company was operating by and through its agents, servants and employees a certain train at the railroad crossing at Jordan Lane near its intersection with Southern Railway Track and Governors Drive.
"2. Plaintiff avers that the defendant Southern Railway Company by and through its agents, servants and employees operated said train negligently or wantonly and in such a manner as to create a hazard.

*1133 "3. Plaintiff avers that as a result of the negligent or wanton conduct of Southern Railway Company by and through its agents, servants or employees that Lonnie Price and Annastocia Price were involved in the collision described herein, thereby suffering injuries from which they both died.
"COUNT X
"1. Plaintiff alleges that Southern Railway Company, City of Huntsville and defendants `11-20' violated the Safety Appliance Act of the United States of America and that Lonnie Price and Annastocia Price are beneficiaries of said act or acts and as a direct or proximate result of violation collision occurred wherein a gasoline tanker truck collided with Southern Railway train resulting in an explosion and fire causing injury to Lonnie Price and Annastocia Price from which they both died."
Section 6-5-440 provides:
"No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
Contrary to the majority's holding, Southern correctly points out that, under § 6-5-440, Code of 1975, where the plaintiff commences two actions at different times against the same party for the same cause, the plaintiff has no further election. The statute provides that the "pendency of the former is a good defense to the latter," and, therefore, the later action must be dismissed. In Terrell v. City of Bessemer, 406 So.2d 337, 340 (Ala.1981), this Court explained:
"In this jurisdiction the rule is that a motion to dismiss (formerly a plea in abatement) will be granted where defendant moves to dismiss plaintiff's second action for the same cause, even though plaintiff dismissed his first action after the motion to dismiss was filed. Ford v. Bowden, 243 Ala. 334, 9 So.2d 906 (1942)." (Emphasis added.)
While it is true that the amendment to the first action was filed the same day the second action was filed, pursuant to Rule 15(c), A.R.Civ.P., the amendment related back to the date the original complaint in the first action was filed. Therefore, although the same claims were filed "simultaneously" (i.e., on the same day), the actions were not filed simultaneously; thus, under the plain language of § 6-5-440, plaintiff is not free to elect, "and the pendency of the former is a good defense to the latter." Although the exact reasoning of the majority on this point is unclear, the unavoidable conclusion is that if, as the majority holds, the consortium claim in the second action is barred by the election of remedies statute, so, too, must the claim for the wrongful death of Annastocia be barred.

II.
The majority goes on to hold, without explanation, that the survivorship of Donna Price's claim for loss of consortium
"does not compel an election of remedies as between the action for loss of consortium or the action for the spouse's wrongful death (unlike the action for the child's wrongful death) under § 6-5-440, supra....
"The statute does not, however, prevent the prosecution of the action by the widow for wrongful death of the husband in her capacity as personal representative, because her separate action for loss of consortium is not an action for the same cause against the same defendant."
I disagree with this conclusion.
If the surviving spouse, who is appointed personal representative of her husband's estate, brings two separate actions, the first for her loss of consortium, and the second for his wrongful death, whether the election of remedies statute would bar the second action depends on

*1134 "whether a judgment in one suit would be res judicata of the other.... Where there is no question as to the jurisdiction of the court or as to the identity of the parties, the test for determining this question is whether the issues in the two suits are the same and whether the same evidence would support a recovery in both suits."
Sessions v. Jack Cole Co., 276 Ala. 10, 12-13, 158 So.2d 652, 654-655 (1963).[1]
In Sessions, a parent brought a suit individually claiming, among other things, compensatory damages for loss of the consortium of his spouse as a result of an automobile accident. In a second action, arising out of the same accident, the same parent claimed punitive damages for the wrongful death of his minor daughter. This Court held that the second action, filed during the pendency of the first action, was barred by the election of remedies statute. In so holding, the Court said:
"There is no dispute that the suits were filed simultaneously nor is it disputed that the damages resulting to appellant in each case are alleged to have arisen from the same wrongful acts of the appellees. Also, both actions are brought by the same person and in the same or similar capacity and damages recovered in both actions, while not of the same character, will go to the same person for his sole use.

"The defenses to both actions would be the same, including possibly contributory negligence, which if proved to the satisfaction of the jury would be a defense to either action.
"....
"We think the language used by the Court of Appeals of Alabama, in Chappell v. Boykin, 41 Ala.App. 137, 127 So.2d 636, cert. denied 271 Ala. 697, 127 So.2d 641, is persuasive of the result here attained:
"`In a majority of jurisdictions in the United States, the rule is that a single act causing simultaneous injury to the physical person and to property of one individual gives rise to only one cause of action, and not to separate causes based on the one hand on personal injury, and on the other on property damage. The basis of the rule is that a "cause of action" grows out of the wrongful act and not the various forms of damages that may flow from the single wrongful act.'

"This principle was long before recognized in Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363, where the Court stated:
"`It may be stated as a very general if not universal proposition that one who is entitled to sue at all for the consequences of a wrongful act may recover all the damages that such act has proximately inflicted upon him. His cause of action is the one wrongful act of the defendant.'

"See also O'Neal v. Brown, 21 Ala. 482." (Emphasis added.) 276 Ala. at 12, 158 So.2d at 654.
In the present case, Donna Price filed two actions against Southern arising out of the same "wrongful act." In both actions, she sued individually and in a representative capacity. The first, as amended, stated a claim for her loss of consortium and claims for the wrongful deaths of Lonnie and Annastocia. The second action also stated a claim for the wrongful deaths of Lonnie and Annostocia. Sessions clearly prohibits Donna Price from splitting her claim for consortium and her claim for the wrongful death of her minor child. The only aspect that distinguishes this case from Sessions is the additional fact that Donna Price is also suing in the capacity of personal representative, which raises the issue of whether the "parties to both suits [are] substantially identical." Wheeler, supra. The Court in Sessions, however, reserved the issue of whether the same result reached in that case would also be *1135 reached on facts such as those present in the case sub judice:
"We, perforce, must forgo any elaboration to consider hypothetical cases not within the issue at bar, and limit the rule in this case to actions arising under § 119, Tit. 7, supra [§ 6-5-391]. We do not consider cases arising under Tit. 7, § 123, [§ 6-5-410] where the cause of action is given to the personal representative and recovery to be distributed according to the statute of descent and distribution. On this latter question we express no opinion." 276 Ala. at 13, 158 So.2d at 655.
The majority opinion decides this issue in part and holds that the rule in Sessions "does not compel an election of remedies as between the action for loss of consortium or the action for the spouse's wrongful death ... because her action for loss of consortium is not an action for the same cause." I disagree and find that the reasoning applied by the Court in Sessions, when applied to these facts, compels the conclusion that these claims must be brought in the same action, whether or not they are the same cause of action.
The Sessions court, quoting Chappell v. Boykin, supra, stated the rule that "a `cause of action' grows out of the wrongful act and not the various forms of damages that may flow from the single wrongful act." The Sessions court also noted that there, as in the present case, the "damages recovered in both actions, while not of the same character, will go to the same person for his sole use." It seems to me, notwithstanding the fact that Donna Price is suing as personal representative for the wrongful death of her husband, the logical application of Sessions would require that, where the personal representative stands to recover personally from the wrongful death action (here, Donna Price is the sole beneficiary), that action should be brought together with any other claims the personal representative has, individually, arising out of the same wrongful act.
Furthermore, the Court in Sessions, in applying the res judicata (or collateral estoppel) test, set out above, concluded:
"There is no doubt that the issues in the instant action [consortium action] would be identical with the issues in the wrongful death action and would be supported by the same evidence save for proof of each element of damage. This latter circumstance is not grounds for distinguishing the issues of each cause." 276 Ala. at 13, 158 So.2d at 655.
Here, the result is no different merely because the spouse is suing as "personal representative" for the death of her husband, rather than suing as "parent" for the death of her child. Clearly, the identical issue involved and necessary to both actions is that of Southern's liability to the plaintiff (in her individual and representative capacity), arising out of the same incident, and it "would be supported by the same evidence, save for proof of each element of damage." Sessions, supra.
Because this is an issue of first impression, it is worthwhile and instructive to look to decisions from other jurisdictions. Two cases directly in point are Keith v. Willers Truck Service, 64 S.D. 274, 266 N.W. 256 (1936), and Voorhees v. Chicago & A.R. Co., 208 Ill.App. 86 (1917).
In Voorhees, supra, Mattie Ryan and her minor son, Stuart, were killed in a train collision. Marcus Ryan, husband of Mattie and father of Stuart, was the only next of kin to his wife and their son, and sole beneficiary of their estates. Marcus waived his right to serve as administrator and Voorhees was appointed. Pursuant to the Illinois Injuries Act, which permits an action to be maintained by the administrator for the benefit of the next of kin, Voorhees filed two actions: the first for Mrs. Ryan's wrongful death, and the second for her son's wrongful death. Under that Act, neither the administrator nor the estate of the deceased has any interest in or right to the benefits of any judgment recovered.
Judgment was entered in favor of the defendant railroad in the first action for
*1136 Mrs. Ryan's death. In defense of the second action for the child's death, the defendant pleaded estoppel by verdict or res judicata. The Court upheld the plea, stating:
"`Whether the adjudication relied on as an estoppel goes to a single question or all the questions involved in a cause, the fundamental principle, upon which it is allowed in either case, is that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise.... It is sufficient for the purposes of the rule relating to a former adjudication, when relied on as an estoppel, that the parties be substantially the same.' (Hanna v. Read, 102 Ill. 596). Voorhees, as administrator in the respective estates, was a necessary party but was only a formal party having no interest whatever. Marcus Ryan, the father and next of kin, was not a party to either suit but was the sole beneficiary in both suits and entitled to the entire net damages resulting from the accident or collision, and the law required that the declaration in each case aver that he is the next of kin, although not a party.... Voorhees, as administrator in the several estates, was but the legal agent of the beneficiary, Marcus Ryan. (Mattoon Gas Light & Coke Co. v. Dolan, 105 Ill.App. 1.)" (Emphasis added.) 208 Ill.App. at 93.
The court in Voorhees went on to hold:
"It is not always necessary that the parties to a suit should be nominally the same in order that one recovery may bar another. Where a suit is prosecuted by one person for the use of another, the latter being the real party in interest, a judgment therein will bar a second suit by the latter in his own name. (Black on Judgments, secs. 537-539; Galveston, H. & S.A. Ry. Co. v. Kutac, 72 Tex. 643, 11 S.W. 127.)

A point which was directly in issue in a former suit and was there judicially passed upon cannot again be drawn in question in any future action between the same parties or their proxies, whether the cause of action in the two suits be identical or different. (Black on Judgments, sec. 504.) Where the real party in interest has had a trial of his rights on the merits there should be an end to the litigation (Hanna v. Read, 102 Ill. 596; Union Pac. Ry. Co. v. United States, 67 Fed. 975; Tidwell v. Witherspoon, 21 Fla. 359), and the judgment in that suit is conclusive on every issue of fact tried therein." (Emphasis added.) 208 Ill.App. at 93-94.
In Keith v. Willers Truck Service, supra, the plaintiff was injured in the same accident as that in which his wife was killed. First, the plaintiff filed an action for his own personal injuries; the jury returned a verdict in favor of the defendant. The plaintiff then brought an action, in his capacity as administrator, for the alleged wrongful death of his wife. Here, as in Voorhees, supra, the defendant set up the defense of estoppel by judgment or res judicata. The court upheld the defense, holding plaintiff's second action was barred.
Although conceding that the two actions involved separate causes of action, the court reasoned that matters adjudicated in reaching a judgment on one cause of action may not be relitigated in another action between the same parties. The court recognized that a former judgment would not have res judicata effect unless the second action were not only between the same parties, but also between them in the same capacity; but even though the plaintiff was suing in different capacities in the two actions-first in his individual capacity, and then as administrator in the wrongful death actionthe court held that the two actions were between the same parties, since the plaintiff was bringing the wrongful death action for his own benefit, because he, as the sole surviving beneficiary of the deceased, was entitled to the *1137 proceeds of any recovery for her wrongful death.
It is important to note from Keith, supra, a case which is practically "on all fours" with the case at bar, that the South Dakota wrongful death statute, like Alabama's, gives the cause of action to the deceased's personal representative:
"In the former action [for his personal injuries], plaintiff was a party in his own right. The death of [plaintiff's wife] as the result of the alleged negligence of the defendants gave rise to a cause of action to be enforced in the name of her personal representative. Sections 2929-2931, Rev. Code 1919." 64 S.D. at 276, 266 N.W. at 258.
The court in Keith went on to explain:
"This court in Carlock v. Loyd, 43 S.D. 611, 181 N.W. 835, 836, recognized the following rule in determining who are parties for the purpose of determining the conclusiveness of prior judgments:
"`The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as, for example, those who employ counsel in the case, assume the active management of the proceeding or defense, or who pay the costs and do such other things as are generally done by parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein.'
"... The substance of the instant action is that the sole surviving beneficiary is suing since he only is entitled to the benefit of a recovery. He does not represent an estate and is not suing for the benefit of creditors or other persons in interest. The Supreme Court of the United States in Chicago, R.I. & P. Ry. Co. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 423, 70 L.Ed. 757, 53 A.L.R. 1265, considering the question of identity of parties, used this language:
"`In the Iowa proceeding, the widow of the deceased was a party in her own right and clearly was bound by the judgment. The action in Minnesota, however, was brought by the administrator, and the state Supreme Court, on the authority of Dennison v. Payne, [(C.C.A.) 293 F. 333 (2nd Cir. 1923) ], pages 342, 343, held that there was a want of identity of parties ... Hope's death as the result of the negligence of the railroad company gave rise to a single cause of action, to be enforced directly by the widow, under the state law, or in the name of the personal representative, for the sole benefit of the widow, under the federal law, depending upon the character of the commerce in which the deceased and the company were engaged at the time of the accident. In either case, the controlling question is precisely the same, namely, Was the deceased engaged in intrastate or interstate commerce? and the right to be enforced is precisely the same, namely, the right of the widow, as sole beneficiary, to be compensated in damages for her loss. The fact that the party impleaded, under the state law, was the widow, and, under the federal law, was the personal representative, does not settle the question of identity of parties. That must be determined as a matter of substance and not of mere form. The essential consideration is that it is the right of the widow, and of no one else, which was presented and adjudicated in both courts.... Since the statutory authority of the administrator is to sue, not in his own right or for his own benefit, or that of the estate, but in the right and for the sole benefit of the widow, the same principles are applicable, in accordance with the general rule that "whenever an action may properly be maintained or defended by a trustee in his representative capacity without joining the beneficiary, the latter is necessarily bound by the judgment." 1 Freeman on Judgments (5th Ed.) § 500. Identity of parties is not *1138 a mere matter of form, but of substance. Parties nominally the same may be, in legal effect, different (Bigelow on Estoppel [6th Ed.] 145); and parties nominally different may be, in legal effect, the same. [Cases cited.]' " (Emphasis added.) 64 S.D. at 277-279, 266 N.W. at 258-259.
We have also recognized in Alabama that the real parties in interest in a death case are the statutory distributees, and that the personal representative is only the nominal or formal party. This is especially true where the personal representative is the sole statutory distributee. In Board of Trustees of the University of Alabama v. Harrell, 43 Ala.App. 258, 261, 188 So.2d 555, 557 (1965), cert. denied, 279 Ala. 685, 188 So.2d 558 (1966), the Court of Appeals stated:

"In a wrongful death action the personal representative is only the nominal or formal party. He sues as statutory trustee for the benefit of the designated beneficiaries, who are the real parties in interest. The claim was never owned by decedent and the cause of action is not an asset of decedent's estate, Ivey v. Wiggins, 276 Ala. 106, 159 So.2d 618. The proceeds of a recovery in such action are held by the administrator as a special trust fund for the statutory distributees. Hicks v. Barrett, 40 Ala. 291; Fischer v. Pope, 229 Ala. 170, 155 So. 579, Ivey v. Wiggins, supra, Holt v. Stollenwerck, supra [174 Ala. 213, 56 So. 912]."
In view of the fact that the personal representative acts as trustee for the beneficiaries, the question arises: Can the personal representative act as trustee for her own benefit where she is the sole beneficiary?
In a later case citing Harrell, supra, this Court stated:
"While § 6-5-410 of the Alabama Code requires a `personal representative' of the decedent to commence a wrongful death action, the real parties in interest, and the intended beneficiaries under the statute, are the heirs of the decedent determined by the statute of distribution. Board of Trustees of the University of Alabama v. Harrell, 43 Ala.App. 258, 188 So.2d 555 (1965)...." Blansit v. Cornelius & Rush Coal Co., 380 So.2d 859, 861 (Ala.1980).
See also Wilkey v. Southwestern Greyhound Lines, Inc., 322 P.2d 1058 (Okla. 1957), in which it was held that where a husband had brought three separate actions for his own personal injuries and loss of consortium, for the wrongful death of his child, and the wrongful death of his wife, all arising out of the same automobile accident, judgment for the defendant in the wife's death action, which was tried first, conclusively settled the defendant's liability to answer for any and all damages as a result of the accident.
Applying the reasoning of the foregoing cases to the facts of this case, I am compelled to conclude that Donna Price could not have split her cause of action for consortium from her action as personal representative for the wrongful death of her husband.

III.
The majority also concludes that "there is no reason for the retention of the rule announced in Parker," with apparent disregard for the result one must necessarily reach when Rules 15(d) and 25(a)(1) are applied to cases in which a spouse's claim for loss of consortium is not joined to the other spouse's personal injury action. Rule 15(d) provides:
"(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleadings sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, *1139 specifying the time therefor." (Emphasis added.)
Rule 15 does not abrogate the basis for the rule in Parker, where a complaint, filed by the deceased before his death, stated only a tort claim for personal injuries and the personal representative later sought to amend that complaint to state a claim for breach of warranty and wrongful death. It is well established that a tort claim for personal injury does not survive the death of the injured party. Therefore, in order to continue to prosecute a personal injury action after the injured party dies, Rule 25(a), governing substitution of parties in case of death, must be complied with before a supplemental claim can be stated under Rule 15. Rule 25(a) provides, in part:
"(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any county. Unless the motion for substitution is made not later than six months after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." (Emphasis added.)
Rule 15(d) presupposes that the person seeking to supplementally amend will already be a party, and such an amendment requires the court's permission. Without a proper substitution, the deceased party is no longer before the court; therefore, the court lacks the authority to proceed. Henderson v. Briarcliff Nursing Home, 451 So.2d 282 (Ala.1984). See Wells v. Wells, 376 So.2d 750 (Ala.Civ.App.1979).
I readily agree that in certain other cases Rule 15(d) might permit what the rule applied in Parker would not. For example, if A sues B for breach of contract and, during the trial of the case, B assaults and injures A, Rule 15(d) allows A to amend his complaint to state a claim for personal injury. But if A dies as a result of those injuries, the question becomes one of whether or not the claim for breach of contract survives the death of A. It is this survivability issue that determines whether or not a given complaint may be amended and by whom. In short, the legal representative of the estate of a deceased party cannot, merely by amendment or intervention, revive a lawsuit where the death of that party extinguished all claims asserted therein. And to that extent, the Rules of Civil Procedure do not change the rule of Parker, as explained above. Rule 25 clearly requires a proper substitution of parties where a party dies, and this step cannot be bypassed. Henderson v. Briarcliff Nursing Home, supra.

IV.
Finally, the majority's reliance on Graham v. Central of Georgia, 217 Ala. 658, 117 So. 286 (1928), for its holding that the claim for loss of consortium survives the death of the spouse, is fallacious. The Court in Graham, quoting from Hyatt v. Adams, 16 Mich. 180, held that "`where death does not at once ensue,'" a husband may maintain an action for compensatory damages "`accruing between the injury and the death, and such action is not barred by the death.'" Graham, 217 Ala. at 660, 117 So. at 288. Under Graham, these compensatory damages would include not only the loss of her services or society (consortium), but also all medical and funeral expenses. Graham stands alone; it has never been applied in a case where the injured spouse died as a result of his or her injuries; it has been authority only in injury cases where the wife did not die. Moreover, while the consortium issue has not been addressed by any appellate court in this state since Graham, the law is well-settled that medical and funeral expenses are not recoverable in a wrongful death case, and, to that extent, Graham has already been overruled sub silentio. Board *1140 of Trustees of the University of Ala. v. Harrell, 43 Ala.App. 258, 188 So.2d 555 (1965). Without question, the bulk of the damages awarded in Graham was for medical and funeral expenses for which the husband was legally responsible, because at that time the law imposed a duty on the husband to provide for and take care of his wife. See Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363 (1904).
Clearly, the majority's holding is out of line with the principles of law that have been well-established and recognized by this Court in the 57 years since Graham was decided; namely, that under our wrongful death statute, all tort claims arising out of a personal injury are extinguished by the death of the injured party where he dies as a result of those injuries, and a statutory cause of action for wrongful death arises, which affords only punitive damages. Carter v. City of Birmingham, 444 So.2d 373 (Ala.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984); Breed v. Atlanta, B. & C.R. Co., 241 Ala. 640, 4 So.2d 315 (1941); Bruce v. Collier, 221 Ala. 22, 127 So. 553 (1930).
In Swartz v. United States Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974), this Court recognized the right of a wife to bring an action for loss of consortium and held that each spouse has a cause of action for loss of consortium caused by the tortious act of a third party. The Court further held that, although a wife's right of consortium must be considered as her personal property right,
"a spouse will not be allowed to maintain an action for loss of consortium ... when the other spouse has received damages from the negligent third party for such loss, whether by settlement, or judgment made or rendered prior to the effective date of a decision allowing a wife a cause of action for loss of her husband's consortium." (Citations omitted.) 293 Ala. at 445-446, 304 So.2d at 886.
The majority opinion in Swartz cites with approval the case of Millington v. Southeastern Elevator Co., 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897 (1968), for the above quoted proposition. The court in Millington expressed this proposition as follows:
"Where, however, the husband's cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife's cause of action for consortium." (Emphasis added.) 293 N.Y.S.2d 311, 239 N.E.2d at 903.
Further, Justice Faulkner, in his special concurrence in Swartz, explained:
"[W]here the husband's case has been terminated on the merits adversely to him, the wife's right to recover for loss of consortium is barred. This is necessarily true because her action is derivative merely and the spouses being in privity, the judgment in the husband's case is res judicata as to her. See Sisemore v. Neal, 236 Ark. 574, 367 S.W.2d 417, 12 A.L.R.3d 929 (1963)." (Emphasis added.) 293 Ala. at 448, 304 So.2d at 889.
Southern contends that the term "derivative" in this context means merely that the spouse's right of action for loss of consortium depends on the right of the deceased spouse, had he survived, to maintain an action for personal injuries, citing Keller v. Kiedinger, 389 So.2d 129 (Ala.1980). I agree that this condition applies to the right of the wife to recover for loss of consortium; however, it is upon the death of the husband that the rule in Keller applies, but only in determining whether a cause of action for wrongful death lies, not a claim for loss of consortium.
The well-established rule that an injured party's tort claim for personal injury abates upon his death is a sufficient reason for finding a termination of the decedent's claimequivalent to a termination "on the merits adversely to him," inasmuch as no recovery for compensatory damages for personal injury may be had in an action for wrongful death. To that extent, the claim of a decedent's spouse for loss of consortium is derivative, and the death of the injured spouse should operate as a bar to *1141 the surviving spouse's claim for loss of consortium. The right of action under the wrongful death statute remains the exclusive tort remedy available where an injured party dies from his injuries. Indeed, there is no provision in state law allowing the decedent's survivors to recover compensatory damages in tort where a claim for wrongful death arises. Painter v. Tennessee Valley Authority, 476 F.2d 943 (5th Cir.1973). The fact that there have been no cases reported in which Graham was followed may be further evidence that, in fact, no surviving spouse has relied on Graham to recover consortium damages as a result of an alleged injury and subsequent wrongful death.
Based on the foregoing, I respectfully dissent.
FAULKNER, J., concur.
NOTES
[1] If there is a question as to "identity of parties," it is only with respect to the various capacities in which the plaintiff, Donna Price, is suing.