I respectfully dissent as to the application of the "harmless error" rule. If the result of this decision, dictated by application of the "harmless error" rule, is measured by pure logic, it is correct; but, when the result is tested by the requisite degree of fundamental fairness, it is not correct. To be sure, its logic is simple and absolute. The premises: 1) The entrustee's culpable conduct must proximately cause the injury in order to fix liability for negligent entrustment; and 2) the jury found no liability on behalf of the entrustee. The conclusion: Therefore, the error in excluding material evidence against the entrustors is harmless.
Now, let us apply the fundamental fairness test: The case went to trial against all named Defendants, including the driver and the allegedly negligent entrustors. Admittedly, the trial judge could have required separate trials to avoid potential prejudice to the driver, or he could have given limited jury instructions upon admitting the proffered evidence; but he did neither. The Plaintiff's proffered evidence of negligent entrustment against the entrustors was erroneously excluded. Unquestionably, this error, precluding lawful evidence, injected the element of basic unfairness into the entire trial as against the entrustors.
Once the Plaintiff was put to trial against all Defendants, he was entitled to a fair trial; he, in fact, received anunfair trial. Query: Does the jury's verdict (coming as it did at the conclusion of an unfair trial) restore fairness simply because, by hindsighting the jury's finding of no liability on the part of the driver, one can conclude that the entrustors cannot be liable? Maybe it was just such an anomaly that caused Justice Holmes to comment in one of his treatises: "The life of the law has not been logic: it has been experience." O.W., Jr., Holmes, The Common Law, p. 1 (1881)
The application of abstract logic may produce "harmless error"; but the application *Page 1147 
of a sense of basic fairness, in my opinion, mandates that the only way to get this case back on track and afford all the parties a fair trial is to reverse the judgment and remand the cause for a new trial as to each of the Defendants. For a case substituting fundamental fairness for pure logic, see Price v.Southern Railway Co., 470 So.2d 1125 (Ala. 1985), holding that the application of the amendment rule (A.R.Civ.P. 15), under the circumstances, would be unjust.