It is unfortunate, indeed, that the majority of this Court inPrice v. Southern Railway Co. ignored Part III of my dissent in that case, in which I specifically foresaw the confusing effect of the majority's blanket conclusion that "there is no reason for the retention of the rule announced in Parker" in cases such as the present. In that portion of my dissent, I pointed out that, in so concluding, the majority in Price failed to consider situations just like that presented by this case, where a non-party seeks to be substituted in an action in which, due to the death of plaintiff, all claims were thereby extinguished:
 "The majority . . . concludes that `there is no reason for the retention of the rule announced in Parker,' with apparent disregard for the result one must necessarily reach when Rules 15 (d) and 25 (a)(1) [A.R.Civ.P.] are applied to cases in which a spouse's claim for loss of consortium is not joined to the other spouse's personal injury action. . . .
 "Rule 15 does not abrogate the basis for the rule in Parker, where a complaint, filed by the deceased before his death, stated only a tort claim for personal injuries and the personal representative later sought to amend that complaint to state a claim for . . . wrongful death. It is well established that a tort claim for personal injury does not survive the death of the injured party. Therefore, in order to continue to prosecute a personal injury action after the injured party dies, Rule 25 (a), governing substitution of parties in case of death, must be complied with before a supplemental claim can be stated under Rule 15. . . . Rule 15 (d) presupposes that the person seeking to supplementally amend will already be a party, and such an amendment requires the court's permission. Without a proper substitution, the deceased party is no longer before the court; therefore, the court lacks the authority to proceed. . . .
 ". . . In short, the legal representative of the estate of a deceased party cannot, merely by amendment or intervention, revive a lawsuit where the death of that party extinguished all claims asserted therein. And to that extent, the Rules of Civil Procedure do not change the rule of Parker, as explained above. . . ."
Price v. Southern Railway Co., 470 So.2d 1125, 1138-39 (Ala. 1985) (Beatty, J., dissenting).
Had the majority in Price chosen to respond to the concern raised by the dissent, and thereby taken the opportunity then
to clarify and narrowly draw its holding to the facts presented in that case, doubtless some of the confusion surrounding an already inherently confusing case would have been eliminated.